**Hazel LaBART, Plaintiff,**

v.

**HOTEL VENDOME CORP., Defendant.**

**Civ. A. No. 61–724–C.**

United States District Court
D. Massachusetts.

Feb. 12, 1963.

Allan R. Curhan, Boston, Mass., for plaintiff.

Kenneth C. Parker, Boston, Mass., Robert N. Daley, Boston, Mass., for defendant.

CAFFREY, District Judge.

This is a diversity action of tort for personal injury in which the plaintiff, a 74-year old lady, seeks recovery from defendant hotel by reason of having suffered a compression fracture of her D/12 vertebra in a fall which occurred in the shower in a room she had rented from defendant. It is conceded that all the evidence of negligence on the part of defendant is summarized by plaintiff's answers to the following interrogatories:

*Interrogatory 11:* "Please describe fully and in complete detail how your alleged accident happened, stating what you did and what happened to you in the order in which such events took place."

*Answer:* "At about midnight on November 25, 1960, I went to take a shower. I started to wash my thighs and was standing perfectly still when my feet went out from under me."

*Interrogatory 12:* "Please state fully and in complete detail all that the defendant did or failed to do which in any way caused or contributed to cause your alleged accident."

*Answer:* "The tub was very smooth and shiny. No bath mat was provided by the defendant."

The defendant's motion for summary judgment must be allowed. See Grace v.

Boston Elevated Railway, 322 Mass. 224, 76 N.E.2d 664, in which the Supreme Judicial Court ruled that evidence which amounted to merely a description of the premises involved therein as being "smooth and shiny" was not sufficient to warrant a finding for the plaintiff.

■ Even if it be assumed that the absence of a bath mat created a condition which was dangerous to a person situated as was the plaintiff in the instant case, the Massachusetts decisions make it clear that there is no duty resting upon defendant to warn plaintiff of a condition which was open and obvious to anyone using ordinary diligence. See Kitchen v. Women's City Club, 267 Mass. 229, 232, 166 N.E. 554, 555, where with reference to a paying guest the Supreme Judicial Court stated:

"It follows that no duty is owed to a guest, where the conditions are open and obvious to an ordinarily intelligent person, to make changes in such conditions or call attention to dangers which are apparent to the senses of such a person."

The case of Lincoln Operating Co. v. Gillis, 232 Ind. 551, 114 N.E.2d 873, cited by plaintiff at the hearing on defendant's motion for summary judgment, a decision of the Indiana Supreme Court, is clearly distinguishable. In that case a foreign substance was present in the bathtub involved, whereas, in the instant case, in answer to interrogatories plaintiff stated that no foreign substance was observed.

Defendant's motion for summary judgment is allowed.