## No. 22056.

IDA M. WELLS, EXECUTRIX OF THE LAST WILL AND TESTAMENT OF AND OF THE ESTATE OF WILLIAM L. WELLS, DECEASED *v.* W. S. HOWARD AND FAY E. HOWARD, NOW KNOWN AS FAY E. JETT, AS INDIVIDUALS, AND W. S. HOWARD AND FAY E. HOWARD, NOW KNOWN AS FAY E. JETT, DOING BUSINESS AS EL RANCHO MOTEL, ALSO KNOWN AS EL RANCHO CRAIG MOTEL.

(439 P.2d 997)

Decided April 22, 1968.    Opinion modified and as modified rehearing denied May 6, 1968.

Fred A. Videon, for plaintiff in error.

Weller, Friedrich and Hickisch, William H. Hazlitt, for defendants in error.

*In Department.*

Opinion by Mr. Justice Hodges.

William L. Wells brought an action for damages for personal injuries sustained by him as result of a fall in a combination bathtub-shower in the El Rancho Motel in Craig, Colorado, owned and operated by defendants in error, W. S. Howard and Fay E. Howard.

Trial was to a jury. During the interim since the trial, Mr. Wells died from causes independent of the injuries described above.

The alleged negligence consisted of: failure to furnish a rubber mat, failure to furnish handholds for protection, failure to line the bottom of the bathtub with any substance to prevent sudden slipping, failure to furnish a shower stall around the bathtub reasonably safe for

plaintiff's safety, and failure to furnish any warning as to the lack of safety devices.

The following facts are not in dispute. Wells entered the shower and closed the aluminum-encased glass sliding door. The shower head was about ordinary height on the wall and the faucets for mixing the water for the shower were at tub faucet level. After showering, Wells turned around with his back to the shower to turn the water off. While in the process of doing so, his feet slipped out from under him; and in trying to catch himself, his side hit and shattered the glass sliding door causing the injuries of which he complained.

The evidence presented by Wells showed failure to furnish a rubber mat, failure to line the bottom of the tub as alleged, and failure to furnish any warning as to the lack of safety devices. Facts concerning the presence or absence of handholds are disputed. The glass shower stall around the tub was not shatterproof or wire-enmeshed.

At the conclusion of the evidence and before submission of the case to the jury, the trial court granted defendants' motion for judgment of dismissal on the grounds that the plaintiff failed to make a prima facie showing that defendants were negligent. The sole issue for our determination on this writ of error is whether the trial court erred in granting the motion for judgment of dismissal against the plaintiff. We have scrutinized the evidence from the record before us and conclude that the totality of all the evidence does not exclude the probability that fair-minded and intelligent men could draw different inferences and conclusions as to whether negligence is shown. The posture of this evidence therefore requires determination by the fact finder. Consequently, the trial court erred in taking this case from the jury.

Recently, we reiterated the following in *Copeland v. Kaufman's, Inc.*, 157 Colo. 369, 372, 402 P.2d 640, 641: "It is only in the clearest cases, where the facts are

474

undisputed and it is plain that all intelligent men can draw but one inference from them, that the question is for the court. *Bailey v. King Soopers,* 142 Colo. 338, 350 P.2d 810; *Parker v. Denver,* 128 Colo. 355, 262 P.2d 553; *Swanson v. Martin,* 120 Colo. 361, 209 P.2d 917."

■ In *Mayer v. Sampson,* 157 Colo. 278, 284, 402 P.2d 185, 189, we also emphasized that:

"When considering a motion for a directed verdict, the evidence must be viewed in the light most favorable to the party against whom it was made. Then, if the evidence is such that different conclusions might be drawn by fair-minded men as to whether negligence is shown, the question must be left to a jury for its determination. *Elliott v. Hill,* 148 Colo. 553, 366 P.2d 663."

It is clear to us in the instant case that more than one inference, and also that different conclusions can be drawn as to the negligence of the defendants.

Defendants urge that the rule of *Coyle v. Beryl's Motor Hotel,* 85 Ohio L.Abs. 492, 171 N.E.2d 355 is cogent in the instant case. We must agree that the facts of that case are almost identical to those in the instant case and that the basis of negligence is likewise almost identical. We have examined that case carefully. As a result, we reject its rationale which led to affirmance of the lower court's directed verdict for the defendants therein.

■ Commentary on assumption of risk was engaged in by the trial court in granting the dismissal. We comment thereon lest, as a matter of law, the trial court is inclined to grant a second dismissal on remand. Under the evidence in this record, any assumption of risk, if indeed the evidence shows there was such, — which we do not decide, — would have been a factual question for the jury.

Judgment reversed and cause remanded for new trial.

Mr. Chief Justice Moore, Mr. Justice Pringle and Mr. Justice Kelley concur.