JAMES H. KUTZ v. KOURY CORPORATION D/B/A HOLIDAY INN FOUR SEASONS

No. 8826SC666

(Filed 4 April 1989)

**Negligence §§ 57.11, 58— fall in hotel bathtub—insufficiency of evidence of negligence—contributory negligence as matter of law**

> In an action to recover for injuries sustained by plaintiff when he slipped and fell in a bathtub in a hotel owned by

defendant, the trial court properly granted defendant's Rule 50(b)(1) motion for directed verdict, after the jury could not reach a verdict, on the grounds that the evidence was insufficient to submit the issue of negligence to the jury and that plaintiff was contributorily negligent as a matter of law where the evidence tended to show that defendant placed some non-slip strips on the bottom of the tub; plaintiff contended that some were missing and that defendant, having undertaken to cover the bottom of the tub, was required to maintain that same number at all times; it is common knowledge that bathtub surfaces are slippery; even with half the strips missing, plaintiff could have showered while standing on the remaining strips; plaintiff had showered the day before without incident; and plaintiff did not look into the tub before either shower to ascertain its condition.

APPEAL by plaintiff from *Boner, Judge*. Judgment entered 17 February 1988 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 24 January 1989.

This is a "slip-and-fall" retrial in which the plaintiff alleges he was injured as a result of defendant's negligence while he was a guest in defendant's hotel. Plaintiff had stayed at the defendant's hotel for two nights. Plaintiff alleges that on the second morning of his stay, as he was rinsing the soap off while taking a shower, his foot slipped. This was the second time the plaintiff had used the shower in his room. He testified that the first shower was without incident. Plaintiff testified that as his foot was slipping, he started to fall backwards and reached out with his hand. Plaintiff testified that he "grabbed hold of . . . [the] soap dish and broke [his] fall." Plaintiff also testified that when he grabbed the dish, pain shot up his left arm, up his shoulder and to the side of his neck. Plaintiff's testimony was that after he slipped, he finished showering and stepped out of the bathtub. Plaintiff's evidence tended to show that on the morning of his slip, in the bottom of the bathtub there were some non-slip strips but some were missing and his foot had slipped in the area of the tub that the strips did not cover. Plaintiff testified that later while he was drying himself with a towel he looked at the bottom of the bathtub and noticed that only half of the surface was covered by non-slip strips. Plaintiff checked out of the hotel that morning but did not report his slip to anyone on the hotel staff. Plaintiff testified that

when he returned to Charlotte later that day, he visited a clinic in order to obtain relief from the pain that had persisted since his slip. Plaintiff eventually underwent a cervical fusion to remedy his discomfort.

Defendant's evidence tended to show that on the bottom of the bathtub in each room there were a number of non-slip strips. Defendant's housekeeping and maintenance programs were designed so that if anything was amiss in a guest room, the problem would be discovered when the housekeeping staff went through the room each day. However, there was no written record of when, or if, needed repairs were performed in any particular room. The trial court submitted the issues of negligence and contributory negligence to the jury. After the jury reported its inability to reach a unanimous verdict, the trial court declared a mistrial and granted defendant's Rule 50(b)(1) motion for directed verdict on the grounds that the evidence was insufficient to submit the issue of negligence to the jury and that the plaintiff was contributorily negligent as a matter of law. Plaintiff appeals.

*Hedrick, Eatman, Gardner and Kincheloe, by John F. Morris and John Brem Smith, for plaintiff-appellant.*

*Wade and Carmichael, by J. J. Wade, Jr., for defendant-appellee.*

EAGLES, Judge.

The question here is whether the trial court properly granted defendant's motion for directed verdict following the jury's inability to return a unanimous verdict. We find that defendant was entitled to judgment as a matter of law and affirm.

Rule 50(b)(1) provides that if a party moved for directed verdict at the close of all the evidence, he may move for judgment in accordance with his motion if a jury verdict is not returned. "[T]he motion shall be granted if it appears that the motion for directed verdict could properly have been granted." G.S. 1A-1, Rule 50. Defendant in this case made the proper motion and the trial court granted a directed verdict in defendant's favor. In passing on a motion for directed verdict, the court must consider the evidence in the light most favorable to the nonmovant. *Hunt v. Montgomery Ward and Co.*, 49 N.C. App. 642, 272 S.E. 2d 357 (1980). A directed verdict is not properly allowed "unless it appears, as a matter

KUTZ v. KOURY CORP.

[93 N.C. App. 300 (1989)]

of law, that a recovery cannot be had by the plaintiff upon any view of the facts which the evidence reasonably tends to establish." *Graham v. Gas Co.*, 231 N.C. 680, 683, 58 S.E. 2d 757, 760 (1950). Under these principles, defendant is not entitled to a directed verdict unless plaintiff has failed as a matter of law to establish the elements of actionable negligence or unless the evidence, viewed in the light most favorable to plaintiff, shows contributory negligence as a matter of law.

Plaintiff argues that since defendant undertook to cover the bottom of the bathtub with a number of non-slip strips, he is required to maintain that same number at all times. However, the standard of care applicable here is determined by the status of the parties.

"An invitee is a person who goes upon the premises in response to an express or implied invitation by the landowner for the mutual benefit of the landowner and himself." *Mazzacco v. Purcell*, 303 N.C. 493, 497, 279 S.E. 2d 583, 587 (1981). Plaintiff was an invitee. A proprietor owes an invitee

> a duty to use ordinary care to maintain the premises in a condition reasonably safe for the contemplated use and a duty to warn the invitee against dangers, which are known to or should have been discovered by the proprietor and which are not readily apparent to such observation as may reasonably be expected of such an invitee to such an establishment.

*Hedrick v. Tigniere*, 267 N.C. 62, 66, 147 S.E. 2d 550, 553 (1966). Stated otherwise, "[a]n·innkeeper is not an insurer of the personal safety of his guests. He is required to exercise due care to keep his premises in a reasonably safe condition and to warn his guests of any hidden peril." *Page v. Sloan*, 281 N.C. 697, 702, 190 S.E. 2d 189, 192 (1972), *citing Barnes v. Hotel Corp.*, 229 N.C. 730, 51 S.E. 2d 180 (1949). "Where a condition of the premises is obvious . . . generally there is no duty on the part of the owner . . . to warn of that condition." *Jones v. Pinehurst, Inc.*, 261 N.C. 575, 578, 135 S.E. 2d 580, 582 (1964), *citing Shaw v. Ward Co.*, 260 N.C. 574, 133 S.E. 2d 217 (1963). However,

> since the duty to keep the premises in a reasonably safe condition implies the duty to make reasonable inspection and to correct unsafe conditions which a reasonable inspection would reveal, *Grady v. Penney Co.*, 260 N.C. 745, 133 S.E. 2d 678

(1963), such breach of duty would constitute actionable negligence on defendant's part.

*Rappaport v. Days Inn*, 296 N.C. 382, 387, 250 S.E. 2d 245, 249 (1979) (failure to maintain adequate lighting in parking lot that was "pitch black" was alleged cause of plaintiff's fall).

In this case, looking at the evidence in the light most favorable to the plaintiff, one-half of the bathtub's bottom surface was not covered by non-slip strips. This lack of coverage could have been revealed on a reasonable inspection of the room. Defendant introduced evidence that the guest rooms were inspected on a regular basis and that checking the bottom of the bathtub for non-slip strips was one item on the inspection checklist. We cannot say, however, that failure to maintain any certain number of non-slip strips was negligence on defendant's part. It is common knowledge that bathtub surfaces, especially when water and soap are added, are slippery and that care should be taken when one bathes or showers. Here there was evidence that, even with one-half of the strips missing, plaintiff could have showered while standing on the remaining strips. We note that plaintiff had showered in the same bathtub the day before his slip without incident. The bathtub here was not so unnecessarily dangerous so as to give rise to a claim of negligence. *See LaBart v. Hotel Vendome Corp.*, 213 F. Supp. 958 (D. Mass. 1963) (absence of bathmat and statement that tub was very smooth and shiny was not sufficient to warrant a finding for plaintiff; further, even if absence of the mat created a condition which was unnecessarily dangerous, state case law makes it clear there is no duty on defendant to warn plaintiff of a condition which was open and obvious to anyone using ordinary diligence); *Coyle v. Beryl's Motor Hotel*, 171 N.E. 2d 355 (Ohio App. 1961) (no evidence of actionable negligence in case where plaintiff slipped and fell in hotel shower that did not have bathmat). The trial court correctly found that defendant was entitled to judgment as a matter of law on plaintiff's negligence claim and the directed verdict was proper.

Assuming *arguendo* that defendant was negligent, the trial court nevertheless was correct in its directed verdict for defendant because we hold that plaintiff was contributorily negligent as a matter of law. We agree that "[a] directed verdict for defendant on the basis of contributory negligence [is] proper only if the evidence, taken in the light most favorable to plaintiff [establishes plaintiff's], negligence so clearly that no other reasonable conclusion could

[be] drawn therefrom." *Fields v. Chappell Associates*, 42 N.C. App. 206, 208, 256 S.E. 2d 259, 260 (1979). "Plaintiff, as an invitee, had the duty to see that which could be seen in the exercise of ordinary prudence, and to use reasonable care." *Prevette v. Wilkes General Hospital, Inc.*, 37 N.C. App. 425, 428, 246 S.E. 2d 91, 93 (1978). In this case, plaintiff testified that he did not look inside the tub either before his first shower in the hotel room or before his shower on the next morning. As we have noted, common sense tells us all that bathtubs are slippery and care should be taken when one is in a bathtub. Plaintiff failed to exercise "ordinary prudence" when he failed to look into the bathtub before he stepped in to shower. Because of plaintiff's negligence in failing to look before he stepped in, defendant was entitled to judgment as a matter of law based on plaintiff's contributory negligence. *See Miller v. Shull*, 48 So. 2d 521 (Fla. 1950) (plaintiff did not even make a cursory glance at the tub before she entered and therefore failed to exercise ordinary care for her safety). *Contra Lincoln Operating Co. v. Gillis*, 232 Ind. 551, 114 N.E. 2d 873 (1953) (plaintiff had no duty to inspect the bathtub before using it and his failure to inspect cannot be contributory negligence as a matter of law).

For the reasons stated, we affirm the judgment below.

Affirmed.

Judges PARKER and LEWIS concur.