2011 ND 38

**Robert Adell BROWN, Plaintiff and Appellant**

v.

**MONTANA–DAKOTA UTILITIES, CO. and City of Halliday, North Dakota, Defendants and Appellees.**

**No. 20100220.**

Supreme Court of North Dakota.

Feb. 14, 2011.

Robert Adell Brown (argued), self-represented, Halliday, ND, plaintiff and appellant.

Paul R. Sanderson (argued), Bismarck, ND, for defendant and appellee Montana–Dakota Utilities, Co.

Sandra L. Voller (argued), Scott K. Porsborg (on brief), and Stacy M. Moldenhauer (on brief), Bismarck, ND, for defendant and appellee City of Halliday.

KAPSNER, Justice.

[¶ 1] Robert Adell Brown appealed summary judgments entered in favor of Montana–Dakota Utilities Co. ("MDU") and the city of Halliday, North Dakota ("Halliday"). Brown argues MDU and Halliday unlawfully terminated his electric, garbage, water, and sewage services. We affirm.

I

[¶ 2] Brown previously lived in a house in Golva, North Dakota, where he received natural gas service from MDU. Brown moved to Halliday. Brown terminated his natural gas service to the house in Golva in April 2008, but left an unpaid balance on that account. Brown began receiving electrical services from MDU to his house in Halliday. MDU subsequently transferred the unpaid natural gas balance to Brown's balance on his account for electrical services for the Halliday house. Brown failed to pay his balance with MDU, and his services were disconnected on October 15, 2008 for nonpayment. Halliday provided water, garbage, and sewage services to Brown's house in Halliday. After notice and a hearing with the city commissioners on November 18, 2008, Brown was informed he had ten days to pay an unpaid balance with Halliday. He did not, and his services were terminated on November 28, 2008. Brown brought suit against MDU and Halliday in the district court, alleging MDU and Halliday unlawfully terminated his services. MDU counterclaimed, seeking a judgment requiring Brown to pay the balance of his MDU account. The district court granted summary judgment in favor of MDU and Halliday in separate judgments on Brown's suit and granted summary judgment in favor of MDU on its counterclaim.

II

[¶ 3] The standard for reviewing a district court's grant of summary judgment is well-established:

Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.

*Missouri Breaks, LLC v. Burns,* 2010 ND 221, ¶ 8, 791 N.W.2d 33 (quotations omitted).

## III

[¶ 4] Brown argues Halliday unlawfully terminated his water, garbage, and sewage services. Halliday argues the summary judgment should be affirmed because there was no dispute Brown failed to pay his account for several months, and Halliday had the authority to terminate his services.

[¶ 5] Halliday presented records to the district court of Brown's account for water, garbage, and sewage services. Brown began receiving services from Halliday in January 2008. Some months Brown made a partial payment on his account, but for several months, Brown made no payments toward the balance of his account. By October 29, 2008, Brown's account with Halliday was $122.00 past due, and he received a notice of termination that stated his services would be shut off on November 4, 2008, if his account was not paid in full. Brown requested a hearing, and Halliday's city commissioners held a hearing on November 18, 2008 to discuss the pending termination of Brown's services. According to the meeting minutes presented to the district court, Brown agreed his account was delinquent and he owed Halliday $186.44. Brown was told his services would be terminated on November 28, 2008 without further notice, unless he paid the balance of his account. Brown did not pay the balance, and his services were terminated on November 28, 2008. Brown has not argued his account was not past due, but argued Halliday acted unlawfully in terminating his services.

[¶ 6] The governing body of a municipality has the power to fix and regulate the rates, use, and sale of water. N.D.C.C. § 40–05–01(36). Waste collection and disposal are also within a municipality's powers. *Ennis v. City of Ray,* 1999 ND 104, ¶ 8, 595 N.W.2d 305. Halliday enacted ordinances allowing the city to terminate services because of unpaid balances for services. Halliday had the authority to terminate Brown's services because of an unpaid account balance and acted lawfully in terminating his services. Halliday gave Brown notice of its intent to terminate his services, gave him additional time to pay his balance, and terminated Brown's services when the city commissioners said they would be terminated. Brown did not properly raise any disputed material issues of fact. Brown has failed to demonstrate that the procedures used by the city were impermissible under existing statutory authority. Summary judgment in favor of Halliday was appropriate.

## IV

[¶ 7] Brown argued MDU unlawfully disconnected his electrical services because he did not receive personal notice by delivery of MDU's intent to disconnect his services. MDU contends Brown received personal notice by delivery from the "door hanger" MDU left on his door and from four notices of intent to disconnect sent by mail.

[¶ 8] MDU transferred an unpaid balance for natural gas services for Brown's previous residence in Golva, North Dakota, to his account for electrical services for his residence in Halliday. MDU was the utility provider for both residences. MDU provided electrical services to Brown's home in Halliday until October 15, 2008, when MDU disconnected his services for nonpayment. MDU argued Brown received adequate notice of MDU's intent to disconnect his electrical services because it mailed four disconnect notices to Brown on April 30, 2008, June 2, 2008, June 30, 2008, and October 1, 2008. MDU asserts and Brown does not contest that each disconnect notice was accompanied by a document entitled, "Your Rights and Remedies," which advised of steps to

avoid disconnection. At a district court hearing, Brown acknowledged receipt of the disconnect notices. MDU asserted it also left a "door hanger" on Brown's residence on July 23, 2008, which informed Brown of MDU's intent to disconnect his electrical services for nonpayment. Brown denied seeing the "door hanger." In seeking summary judgment in its favor on Brown's claims, MDU also counterclaimed, asking the court for a judgment in its favor requiring Brown to pay his balance of $951.77 with MDU.

[¶ 9] Brown argued his natural gas account and electrical account could not be combined. Utilities are not allowed to disconnect services to a customer for "failure of the customer to pay for merchandise purchased from the utility; to pay for a different class of service furnished by the utility; to pay for service rendered to a previous occupant of the premises; or to pay the bill of another customer as guarantor thereof." N.D. Admin. Code §§ 69–09–02–05.1(6); 69–09–01–18.1(6). "Classification of service" refers to either residential or commercial. N.D. Admin. Code § 69–09–02–14. There is no prohibition of disconnecting services due to an unpaid balance when both accounts were for residential services to the same individual. MDU was allowed to combine the unpaid balances for Brown's natural gas services and electrical services and disconnect Brown's services based upon the combined unpaid balance.

[¶ 10] Brown argues he received inadequate notice. After providing adequate notice, a utility may disconnect a customer's electrical services if the customer is delinquent in paying for those services. N.D. Admin. Code § 69–09–02–05.1(1). The requirements for proper notice are provided in N.D. Admin. Code § 69–09–02–05.1(1), and residential customers sixty-five years of age or older are entitled to "personal notice by delivery." It is the customer's responsibility to inform the utility company if the customer is sixty-five years of age or older, and the utility company must assist customers with this responsibility by including a postcard with certain questions on the customer's age or other special circumstances. N.D. Admin. Code § 69–09–02–05.1(1)(e)(2). It is not clear whether MDU was aware that Brown was over the age of sixty-five when it sent disconnect notices. However, MDU does not dispute Brown is over sixty-five years of age. The requirements of "personal notice by delivery" are not defined by the administrative rules. In the context of the administrative rules, it is clear that mere mailing is insufficient when the residential electric utility customer is sixty-five years or older. "The notice shall [b]e sent by first-class mail addressed to the customer at the place where service is rendered, except that in the case of residential customers sixty-five years of age or older, ... personal notice by delivery is required." N.D. Admin. Code § 69–09–02–05.1(1). The rule speaks to "personal notice," not to "personal service," so service equivalent to that required by the rules of civil procedure is not indicated.

[¶ 11] We need not attempt to give definition to the requirements of the administrative rule under all circumstances because under the circumstances of this case, the record is clear that Brown received "personal notice by delivery." Brown acknowledged receipt of the four disconnect notices. According to documents Brown filed with the district court, Brown wrote a letter to the Public Service Commission on July 2, 2008, stating he received a "Disconnect Notice from Montana–Dakota Utilities for delinquent sums of Eight Hundred Thirty Dollars and Forty Six Cents." On October 10, 2008, Brown received a letter

of legal advice from Legal Services of North Dakota regarding the impending disconnection of his electrical services. It is apparent from that letter Brown was aware of the amount of his unpaid balance with MDU and that MDU intended to disconnect his services. MDU acted lawfully in disconnecting Brown's electrical services after personal notice to Brown, and Brown failed to raise a disputed material issue of fact.

## V

[¶ 12] We have reviewed the other issues raised by the appeal and deem them to be without legal merit or unnecessary for our disposition of this appeal. We affirm.

[¶ 13] GERALD W. VANDE WALLE, C.J., DAVID E. REICH, D.J., ALLAN L. SCHMALENBERGER, S.J., and DALE V. SANDSTROM, J., concur.

[¶ 14] The Honorable DAVID E. REICH, D.J., and the Honorable ALLAN L. SCHMALENBERGER, S.J., sitting in place of CROTHERS, J., and MARING, J., disqualified.