2011 ND 172

Patricia SALTSMAN, Plaintiff and Appellant

v.

Lisa SHARP, Defendant.

and

Ed Hasche, Defendant and Appellee.

No. 20100404.

Supreme Court of North Dakota.

Sept. 7, 2011.

David S. Maring (argued), Bismarck, ND, for plaintiff and appellant.

James S. Hill (argued) and Paul R. Sanderson (appeared), Bismarck, ND, for defendant and appellee Ed Hasche.

KAPSNER, Justice.

[¶ 1] Patricia Saltsman appealed the district court summary judgment and dismissal of her case against Ed Hasche. Saltsman argued the district court erroneously decided Hasche, a landowner, did not owe a duty toward Saltsman as a lawful entrant on Hasche's land. Saltsman also argued the district court made improper findings of fact to support the summary judgment in favor of Hasche. We reverse the summary judgment in favor of Hasche, and we remand for further proceedings in accordance with this opinion.

I

[¶ 2] Saltsman rode her bicycle on a sidewalk next to an apartment building and parking lot owned by Hasche. Hasche had constructed a chain-link fence with vertical "privacy slats" parallel to the sidewalk in order to provide more privacy for the tenants who parked their vehicles in the parking lot next to the apartment building. Lisa Sharp, traveling in a vehicle, exited the building's parking lot and stopped in the driveway while across the sidewalk. Saltsman collided with Sharp's vehicle and sustained injuries.

[¶ 3] Saltsman sued Sharp and Hasche to recover for her personal injuries. Saltsman and Sharp settled, and the case against Sharp was dismissed. Saltsman's suit against Hasche continued. Saltsman alleged Hasche was negligent in maintaining his property, and the fence obstructed the view of drivers exiting the parking lot and of persons on the sidewalk unable to see if a vehicle was exiting. Hasche moved for summary judgment. On the issue of whether he owed a duty toward Saltsman, Hasche argued Saltsman was not on his property when she was injured, she was not directly injured by his property, his fence was lawful, and no special relationship existed between Hasche and

Saltsman that would create a duty. In reply, Saltsman argued Hasche owed a duty to her to maintain his property in a reasonably safe condition because he was a landowner and she was a lawful entrant on his property. The district court granted the motion for summary judgment and dismissed Saltsman's claims, stating a landowner does not owe a duty to protect a passerby on a sidewalk adjacent to the landowner's property from the acts of an independent negligent driver. Saltsman appealed.

II

[¶ 4] Saltsman appealed the summary judgment in favor of Hasche.

Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.

*Brown v. Montana–Dakota Utilities, Co.,* 2011 ND 38, ¶ 3, 794 N.W.2d 741 (quoting *Missouri Breaks, LLC v. Burns,* 2010 ND 221, ¶ 8, 791 N.W.2d 33).

[¶ 5] "Negligence actions are ordinarily inappropriate for summary judgment because they involve issues of fact." *Botner v. Bismarck Parks & Recreation Dist.,* 2010 ND 95, ¶ 8, 782 N.W.2d 662 (quoting *Groleau v. Bjornson Oil Co., Inc.,* 2004 ND 55, ¶ 6, 676 N.W.2d 763). "Even undisputed facts do not justify summary judgment if reasonable differences of opinion exist as to the inferences to be drawn from those facts." *Doan v. City of Bismarck,* 2001 ND 152, ¶ 7, 632 N.W.2d 815 (citing *Helbling v. Helbling,* 267 N.W.2d 559, 561 (N.D.1978)). Where questions of negligence are in issue, summary judgment is improper "if there is any doubt as to the existence of a genuine issue of material fact, or if differing inferences can be drawn from the undisputed evidence." *Barsness v. Gen. Diesel & Equip. Co., Inc.,* 383 N.W.2d 840, 844 (N.D.1986). However, "[i]ssues of fact may become issues of law if reasonable persons could reach only one conclusion from the facts." *Doan,* at ¶ 7 (citing *Fetch v. Quam,* 2001 ND 48, ¶ 8, 623 N.W.2d 357).

### III

[¶ 6] Saltsman argued Hasche owed her a duty as a matter of law under general negligence principles and under premises liability law. Alternatively, Saltsman argued if Hasche did not owe her a duty as a matter of law, there were at least disputed issues of material fact that needed to be resolved on whether Hasche owed her a duty.

[¶ 7] "An actionable negligence consists of a duty on the part of an allegedly negligent party to protect the plaintiff from injury, a failure to discharge that duty, and a resulting injury proximately caused by the breach of the duty." *Botner,* 2010 ND 95, ¶ 10, 782 N.W.2d · 662 (quoting *Azure v. Belcourt Pub. Sch. Dist.,* 2004 ND 128, ¶ 9, 681 N.W.2d 816). The district court granted summary judgment and dismissed the case on the issue of duty. Therefore, we do not address the other elements of negligence on appeal.

[¶ 8] Saltsman had alleged, "Hasche was negligent, among other ways, by failing to maintain his property in a safe condition and obstructing the view of motorists leaving the parking lot." In support of his motion for summary judgment, Hasche argued his fence was lawful and did not violate any statutes or ordinances. Hasche argued Sharp was the negligent party, and he had no duty to control Sharp or protect Saltsman from Sharp's negligence. Hasche cited Restatement (Second) of Torts § 315 (1965), which provides: "There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless" a special relationship exists which imposes a duty upon the actor to control the third person's conduct, or a special relationship exists requiring the actor to protect the other. In opposition to Hasche's motion, Saltsman argued Hasche owed her a duty under premises liability law. Saltsman argued Hasche was a landowner and responsible for the property where the accident occurred, and she was a lawful entrant upon his land. In granting summary judgment, the district court found the question of whether Hasche owed Saltsman a duty was a matter of law and decided, "There is no statute, ordinance, or case law imposing a duty upon the landlord to protect a person from the negligence of another."

[¶ 9] By its order, the district court considered Sharp the only negligent party, effectively concluding she was the only party who owed a duty of care,

breached her duty, and was the sole cause of Saltsman's injuries. Based upon that conclusion, the district court only analyzed whether Hasche had a duty to protect Saltsman from Sharp's negligence, and the court failed to analyze whether both Hasche and Sharp owed Saltsman a duty of care. Sharp's alleged negligence does not necessarily negate Hasche's duty. More than one party may have owed a duty toward an injured party and may have been at fault in causing an injury. Under North Dakota's modified comparative fault law, negligence is included in the concept of "fault," and the fault of two or more parties may be compared so that each party is liable only for the amount of damages attributable to the percentage of fault by that party. N.D.C.C. § 32–03.2–02. Even though Sharp and Saltsman settled their case and Sharp would not be a party at a trial, the fact-finder would determine the fault attributable to all tortfeasors, and Hasche would be responsible only for the portion of fault, if any, attributed to him. *See Jones v. Ahlberg,* 489 N.W.2d 576, 583 (N.D.1992). The district court erred by deciding only whether Hasche had a duty to protect Saltsman from the negligence of Sharp and failing to analyze whether Hasche had a separate duty to avoid injury to Saltsman.

[¶ 10] Saltsman argued Hasche owed her a duty as a matter of law under general negligence principles. "Every person is bound without contract to abstain from injuring the person or property of another or infringing upon any of that person's rights." N.D.C.C. § 9–10–01; *see also Dinger v. Strata Corp.,* 2000 ND 41, ¶ 16, 607 N.W.2d 886. "A person is responsible . . . for an injury occasioned to another by the person's want of ordinary care or skill in the management of the person's property or self." N.D.C.C. § 9–10–06.

[¶ 11] Saltsman argued Hasche owed her a duty as a matter of law under premises liability law.

To establish an actionable negligence, the plaintiff must show the defendant had a duty to protect the plaintiff from injury. Generally, the existence of a duty is a preliminary question of law for the court to decide. When a duty does not exist, there is no negligence. If determining the existence of a duty depends on resolving factual issues, the facts must be resolved by the trier of fact. However, issues of fact may become issues of law for the court if reasonable persons could reach only one conclusion from the facts.

*Botner,* 2010 ND 95, ¶ 10, 782 N.W.2d 662 (quoting *Azure,* 2004 ND 128, ¶ 9, 681 N.W.2d 816). "Under premises liability law, landowners owe a general duty to lawful entrants to maintain their property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to another, the seriousness of the injury, and the burden of avoiding the risk." *Id.* at ¶ 9 (quoting *Groleau,* 2004 ND 55, ¶ 16, 676 N.W.2d 763). "If a landowner permits dangerous conditions to exist on the premises the landowner must take reasonable measures to prevent injury to those whose presence on the property reasonably can be foreseen." *Fast v. State,* 2004 ND 111, ¶ 8, 680 N.W.2d 265 (citing *Groleau,* at ¶ 16). "The owner of any property must use it with an ordinary degree of care so as not to damage others, exercising caution and reasonable care under the circumstances." *Doan,* 2001 ND 152, ¶ 25, 632 N.W.2d 815.

[¶ 12] Saltsman argued premises liability law established Hasche owed her a duty as a matter of law, because the accident occurred on Hasche's property and was the result of a dangerous condition created by the fence on his property.

"Under premises liability law, a defendant must have had control over the property where the injury occurred in order to find the defendant owed a duty to an injured party." *Groleau*, 2004 ND 55, ¶ 11, 676 N.W.2d 763 (citing *Doan*, 2001 ND 152, ¶ 13, 632 N.W.2d 815; *Stanley v. Turtle Mountain Gas & Oil, Inc.*, 1997 ND 169, ¶ 9, 567 N.W.2d 345). "Control is an essential prerequisite for imposition of premises liability." *Id.* (citing *Doan*, at ¶ 13; *Stanley*, at ¶ 9). It must be clear the defendant had control of the premises and an opportunity to observe any duty before the defendant owes a duty of care. *Id.* (citing *Stanley*, at ¶ 9).

[¶ 13] The fence is on Hasche's land, and Hasche was responsible for the location of the fence and type of fence. The accident occurred in the driveway to the apartment building parking lot owned by Hasche, where it intersects with a sidewalk. Hasche stated in a deposition that he owns the land the driveway is on. Hasche was asked if his "property line would be to the north edge of that driveway" and he responded it was, and the neighboring landowner had an easement to use the driveway, too. *See* 62A Am.Jur.2d *Premises Liability* § 613 (2005) ("[A] driveway encroaching on a public sidewalk can amount to a special use of the sidewalk, imposing a duty upon the landowner to maintain that portion of the sidewalk."). Hasche argued he did not own and had no control over the public sidewalk Saltsman was traveling on, and Saltsman argued under N.D.C.C. § 47–01–16, Hasche owned the land encompassing the sidewalk. "An owner of land bounded by a road or street is presumed to own to the center of the way, but the contrary may be shown." N.D.C.C. § 47–01–16. Whether the injury occurred on land owned by Hasche was a disputed issue between the parties. Under this record, it cannot be determined as a matter of law that Hasche

had no control over the premises on which the injury occurred or over the condition which allegedly caused the injury.

[¶ 14] Under premises liability law, landowners owe a duty to maintain their property in a reasonably safe condition for lawful entrants on their property. The district court's order granting summary judgment indicates the court did not consider Saltsman an "invitee" upon Hasche's land. *See O'Leary v. Coenen*, 251 N.W.2d 746, 751 (N.D.1977) (discussing the difference between an invitee, a licensee, and a trespasser). The district court distinguished the present case from *Botner*, 2010 ND 95, 782 N.W.2d 662, where Bismarck Parks owed a duty to Botner's son to maintain a swimming pool in a reasonably safe condition, because the district court noted "the injured party [in *Botner* ] was an invitee." Saltsman should not be distinguished from the injured party in *Botner* solely because of her status as a person on Hasche's land. "This Court no longer recognizes separate duties to lawful entrants depending on their status upon the land." *Iglehart v. Iglehart*, 2003 ND 154, ¶ 16, 670 N.W.2d 343 (citing *O'Leary*, at 751); *see also Schmidt v. Gateway Cmty. Fellowship*, 2010 ND 69, ¶ 8, 781 N.W.2d 200 ("general negligence principles govern a landowner's duty of care to persons who are not trespassers on the premises"). In the proceedings in the district court, the parties did not dispute Saltsman was a lawful entrant on the sidewalk and driveway. From the record, it appears Saltsman was a lawful entrant because she was riding a bicycle on a public sidewalk and was injured on the portion of the sidewalk that intersects with Hasche's driveway. It is unclear what impact the distinction between invitee and non-invitee status had upon the district court's reasoning, but our premises liabili-

ty law recognizes a general duty to lawful entrants, not just invitees.

[¶ 15] Though the district court initially determined there were no factual issues that needed to be resolved on whether Hasche owed Saltsman a duty, on remand the district court may have to address triable issues of fact that need to be resolved on whether Hasche owed a duty under premises liability law. *See Doan*, 2001 ND 152, ¶ 16, 632 N.W.2d 815 (summary judgment reversed because there were triable issues of fact on the existence of the defendant's duty and whether the defendant had control over the premises). "If the existence of a duty depends upon factual determinations, resolution of such factual disputes is for the trier of fact." *Barsness*, 383 N.W.2d at 843.

[¶ 16] The district court erred in deciding only that Hasche did not owe Saltsman a duty to protect her from Sharp's presumed negligence and in failing to analyze whether Hasche owed a separate duty toward Saltsman under general negligence principles or under premises liability law.

## IV

[¶ 17] Saltsman argued the district court erred in granting summary judgment in favor of Hasche because the district court made factual findings and improperly relied upon inferences to support the summary judgment.

[¶ 18] "This Court has repeatedly held that summary judgment is inappropriate if the court must draw inferences and make findings on disputed facts to support the judgment." *Farmers Union Oil Co. of Garrison v. Smetana*, 2009 ND 74, ¶ 10, 764 N.W.2d 665. "The district court may not weigh the evidence, determine credibility, or attempt to discern the truth of the matter when ruling on a motion for summary judgment." *Id.*

[¶ 19] In the order granting the motion for summary judgment, the district court stated, "The facts the parties seem to agree upon are that both Sharp and Saltsman failed to maintain any type of vigilance as to their surroundings." The record does not disclose the parties agreed that Sharp and Saltsman "failed to maintain any type of vigilance." Saltsman alleged she was driving her bicycle in a safe and prudent manner and stated repeatedly in her deposition that she followed all the rules for bicyclists and maintained the utmost level of care. Sharp settled with Saltsman, but never admitted to being negligent. In her deposition, Sharp said she knew to be careful when exiting the parking lot because of the fence, and she tried to be cautious as she exited. The district court's statements on Sharp and Saltsman's lack of vigilance were findings of fact on disputed issues and improper for summary judgment.

## V

[¶ 20] The district court erred in finding Hasche did not owe a duty toward Saltsman as a matter of law and erred in making findings of fact and inferences to support summary judgment. We reverse the summary judgment and dismissal of this case and remand for further proceedings in accordance with this opinion.

[¶ 21] WILLIAM F. HODNY, S.J., JOHN C. IRBY, D.J., RONALD E. GOODMAN, S.J., and EVERETT NELS OLSON, S.J., concur.

[¶ 22] The Honorable RONALD E. GOODMAN, S.J., the Honorable EVERETT NELS OLSON, S.J., the Honorable JOHN C. IRBY, D.J., and the Honorable WILLIAM F. HODNY, S.J., sitting in place of MARING, J., CROTHERS, J., SANDSTROM, J., and VANDE WALLE, C.J., disqualified.