2013 ND 99

**Jeffrey WOTZKA, Plaintiff and Appellant**

v.

**MINNDAKOTA LIMITED PARTNER-SHIP d/b/a Radisson Hotel Bismarck, 605 East Broadway Avenue, Bismarck, North Dakota, Defendant and Appellee.**

No. 20120301.

Supreme Court of North Dakota.

June 19, 2013.

Rehearing Denied July 18, 2013.

Michael R. Hoffman, Bismarck, ND, for plaintiff and appellant.

Kristi K. Warner, Minneapolis, MN, for defendant and appellee.

MARING, Justice.

[¶ 1] Jeffrey Wotzka appeals the trial court's summary judgment in favor of Minndakota Limited Partnership, d/b/a Radisson Hotel Bismarck ("Radisson Hotel") arising out of a slip and fall accident. We hold the trial court misapplied our law and erroneously granted summary judgment because Wotzka raised genuine issues of material fact regarding whether the Radisson Hotel should have anticipated harm despite the obvious or known nature of the danger and failed to maintain the property in a reasonably safe manner. We reverse the summary judgment, and we remand for further proceedings consistent with this opinion.

I

[¶ 2] Wotzka was a guest at the Radisson Hotel. While taking a shower, he slipped and fell out of the shower. Wotzka sued the Radisson Hotel. He claimed the Radisson Hotel maintained a dangerous condition on its premises by failing to equip the shower with a non-skid strip, a bathmat, or a handrail at the shower level.

[¶ 3] The Radisson Hotel moved for summary judgment, arguing it is under no duty to provide a non-skid strip, a bathmat, or a handrail in its showers. The Radisson Hotel also argued it had no duty to warn of the open and obvious dangers of a slippery shower.

[¶ 4] The trial court granted summary judgment and dismissed the case. The trial court concluded, as a matter of law, the Radisson Hotel had no duty to warn of open and obvious dangers in a shower or to take extra precautions to protect its guests. Lastly, the trial court found, "even if a duty exists on the part of the hotel over and above just the simple duty toward guests, there's no evidence of any breach of that duty in this case." Wotzka appeals, arguing the trial court erred in granting summary judgment in favor of the Radisson Hotel.

II

[¶ 5] Our review of a trial court's order granting summary judgment under N.D.R.Civ.P. 56 is well-established:

"Summary judgment is a procedural device for the prompt resolution of a con-

troversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, *we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record.* On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record."

*Saltsman v. Sharp,* 2011 ND 172, ¶ 4, 803 N.W.2d 553 (emphasis added) (quoting *Brown v. Montana–Dakota Utilities, Co.,* 2011 ND 38, ¶ 3, 794 N.W.2d 741).

[¶ 6] " 'Negligence actions are ordinarily inappropriate for summary judgment because they involve issues of fact.' " *Botner v. Bismarck Parks and Rec. Dist.,* 2010 ND 95, ¶ 8, 782 N.W.2d 662 (quoting *Groleau v. Bjornson Oil Co.,* 2004 ND 55, ¶ 6, 676 N.W.2d 763). "Where questions of negligence are in issue, summary judgment is improper 'if there is any doubt as to the existence of a genuine issue of material fact, or if differing inferences can be drawn from the undisputed evidence.' " *Saltsman,* 2011 ND 172, ¶ 5, 803 N.W.2d 553 (quoting *Barsness v. Gen. Diesel & Equip. Co.,* 383 N.W.2d 840, 844 (N.D.1986)).

[¶ 7] Under North Dakota's modified comparative fault statute, N.D.C.C. § 32–03.2–02, fault includes: "negligence, malpractice, absolute liability, dram shop liability, failure to warn, reckless or willful conduct, assumption of risk, misuse of product, failure to avoid injury, and product liability, including product liability involving negligence or strict liability or breach of warranty for product defect." In *Botner,* this Court explained the general laws applicable to negligence claims:

An actionable negligence consists of a duty on the part of an allegedly negligent party to protect the plaintiff from injury, a failure to discharge that duty, and a resulting injury proximately caused by the breach of the duty. To establish an actionable negligence, the plaintiff must show the defendant had a duty to protect the plaintiff from injury. Generally, the existence of a duty is a preliminary question of law for the court to decide. When a duty does not exist, there is no negligence. If determining the existence of a duty depends on resolving factual issues, the facts must be resolved by the trier of fact. However, issues of fact may become issues of law for the court if reasonable persons could reach only one conclusion from the facts.

2010 ND 95, ¶ 10, 782 N.W.2d 662.

### III

[¶ 8] Wotzka argues that, under premises law, whether the Radisson Hotel maintained its property in a reasonably safe manner is a question of fact, and is, therefore, inappropriate for summary judgment.

[¶ 9] "Under premises liability law, landowners owe a general duty to lawful entrants to maintain their property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to another, the seriousness of the

injury, and the burden of avoiding the risk." *Botner*, 2010 ND 95, ¶ 9, 782 N.W.2d 662. The owner of the property must exercise ordinary care to maintain the property in a reasonably safe condition. *Saltsman*, 2011 ND 172, ¶ 11, 803 N.W.2d 553. The duty to maintain property in a reasonably safe condition applies to lodging establishments. Section 23–09–09, N.D.C.C., provides: "Every food establishment, lodging establishment, and assisted living facility must be operated with strict regard for the health, safety, and comfort of its patrons." A landowner may be relieved of his liability to invitees if the physical harm is caused by a dangerous condition that is open and obvious. *Groleau*, 2004 ND 55, ¶ 18, 676 N.W.2d 763. However, this relief from liability is not absolute. "If a landowner permits dangerous conditions to exist on the premises the landowner must take reasonable measures to prevent injury to those whose presence on the property reasonably can be foreseen." *Fast v. State*, 2004 ND 111, ¶ 8, 680 N.W.2d 265 (citing *Groleau*, 2004 ND 55, ¶ 16, 676 N.W.2d 763).

[¶ 10] Here, the trial court concluded as a matter of law, the hotel was not liable because the danger created by a wet shower was open and obvious. We have not addressed the specific question of whether a hotel owes a duty for an open and obvious danger in the context of the risks inherent in showering. We recognize other jurisdictions are divided on whether a hotel may be liable for failure to provide safety precautions such as a bathmat, non-skid strips, or a handrail. *See* Thomas R. Trenkner, Annotation, *Liability of Hotel or Motel Operator for Injury or Death of Guest or Privy Resulting From Condition in Plumbing or Bathroom of Room or Suite*, 93 A.L.R.3d 253 (1979); *see also Jones v. Abner*, 335 S.W.3d 471, 476 (Ky. Ct.App.2011) (holding "the risks inherent in bathing or showering are open, apparent, and obvious to anyone who has ever taken a bath" and the hotel has no duty to provide a non-skid device or warn of the dangerous condition); *Portanova v. Trump Taj Mahal Assocs.*, 270 A.D.2d 757, 704 N.Y.S.2d 380, 380 (2000) (holding that a hotel is under no duty to provide a non-skid device to hotel guests); *Kutz v. Koury Corp.*, 93 N.C.App. 300, 377 S.E.2d 811, 813 (1989) (holding it was common knowledge that a shower, when wet and soapy, is dangerous and the hotel is under no duty to warn of an open and obvious danger); *LaBart v. Hotel Vendome Corp.*, 213 F.Supp. 958, 959 (D.Mass.1963) (holding that a hotel was under no duty to warn of the open and obvious danger created by a wet and soapy shower floor). *But see Wells v. Howard*, 165 Colo. 471, 439 P.2d 997, 998 (1968) (holding that a question of fact existed as to whether the hotel was negligent for failing to furnish the shower with non-skid devices and maintain the shower in a reasonably safe condition); *Gunderson v. Nolte*, 153 Mont. 208, 456 P.2d 282, 284 (1969) (holding that whether the hotel was negligent in failing to provide a handrail or similar device in the shower was a question of fact and inappropriate for a directed verdict).

[¶ 11] We, however, must look to our law on premise liability. Under our law, the issue of whether a condition is obvious is determined by the objective knowledge of a reasonable person and is generally a question of fact for the trier of fact, and only becomes a question of law when reasonable minds could reach but one conclusion. *Groleau*, 2004 ND 55, ¶ 21, 676 N.W.2d 763. Wotzka does not contest that the shower is an open and obvious danger. Wotzka argues that the Radisson Hotel owes a duty to maintain its property in a reasonably safe condition, in view of all the circumstances, including the likelihood a guest could slip and fall in a

shower when water and soap are used, the guest could be seriously injured, and the Radisson Hotel could avoid the risk by simply providing a bathmat, non-skid strips, or a shower-level handrail.[1]

[¶ 12] Under our precedent, the trial court's conclusion that a condition is open and obvious, does not end the inquiry into whether a landowner owes a duty to its lawful entrants. We have held "[a] landowner's duty to protect entrants upon the land or warn of dangerous conditions is limited when the dangerous condition is known or obvious to the entrant." *Groleau,* 2004 ND 55, ¶ 17, 676 N.W.2d 763 (citing Restatement (Second) of Torts, § 343A (1965)). In *Groleau,* we explained:

> Section 343A of the Restatement outlines the general rule:
>
> " § 343 A. Known or Obvious Dangers
> (1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness.*"
>
> The comments to § 343A clarify that *a landowner may nevertheless owe a duty to entrants if the landowner should anticipate that the condition will cause harm notwithstanding the known or obvious nature of the danger:*
>
> > "There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty

may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.

> > "Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk. In such cases the fact that the danger is known, or is obvious, ... is not ... conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances."
>
> Restatement (Second) of Torts § 343A, Comment f (1965); *see also Johanson v. Nash Finch Co.,* 216 N.W.2d 271, 277 (N.D.1974).

2004 ND 55, ¶¶ 18–19, 676 N.W.2d 763 (emphasis added).

[¶ 13] Therefore, under North Dakota law, even if a shower presents an open and obvious danger when it is wet, the question still remains whether the landowner should have anticipated the harm despite its open and obvious condition and whether the landowner acted reasonably under the circumstances. In oth-

1. Wotzka does not argue that the adoption of comparative fault abolished the open and obvious danger doctrine under North Dakota law. *See Groleau,* 2004 ND 55, ¶ 33, 676 N.W.2d 763 (Maring, J., dissenting).

er words, a condition that creates an open and obvious danger may limit the landowner's duty, but if the harm is expected from the standpoint of the landowner, the landowner is not relieved from his duty to keep the premises reasonably safe under the circumstances.

[¶ 14] We impose a similar duty on landowners for natural accumulations of snow and ice on stairways adjoining business premises. *See Makeeff v. City of Bismarck*, 2005 ND 60, 693 N.W.2d 639. In *Makeeff*, Corinna Makeeff was exiting the Bismarck Civic Center when she slipped and fell on a patch of ice on an outside stairway. *Id.* at ¶ 2. While Makeeff was attending an event at the Civic Center, snow and ice accumulated on the stairway attached to the Civic Center. *Id.* Makeeff testified that she slipped and fell down the flight of stairs while carrying her child. *Id.* at ¶ 3. Other members of Makeeff's family, who had also attended the event at the Civic Center, testified that they noticed other people slipping on the stairs. *Id.* at ¶ 4. When Makeeff reported the incident to the Civic Center, an employee asked her, " '[a]re you one of the people who got hurt last night or the night before because we had quite a few people who fell?' " *Id.* at ¶ 4.

[¶ 15] Our Court recognized that many jurisdictions relieve landowners from liability for natural accumulations of snow and ice because it is an open and obvious danger. *Id.* at ¶ 20. However, our Court declined to follow that rationale, holding "the reasonableness standard is the proper rule; otherwise, the natural accumulation rule would dilute the owner or occupier duty and undermine the basic principles of public responsibility." *Id.* at ¶ 22. Our Court reversed the trial court's grant of summary judgment, holding "[t]he district court should have analyzed the reasonableness of the City's actions in determining whether it had breached its duty to Makeeff." *Id.* at ¶ 25.

[¶ 16] When a landowner has reason to anticipate that an invitee will proceed to encounter a condition, despite its open and obvious nature, the factfinder must still consider whether the landowner acted reasonably under the circumstances. " 'If a landowner permits dangerous conditions to exist on the premises, the landowner must take reasonable measures to prevent injury to those whose presence on the property reasonably can be foreseen.' " *Id.* at ¶ 24 (quoting *Fast*, 2004 ND 111, ¶ 8, 680 N.W.2d 265). Similar to the natural accumulation of snow and ice on a stairway to business premises, an open and obvious condition that a landowner could reasonably anticipate will cause harm, such as a slippery wet shower, does not relieve a landowner's duty to provide reasonably safe premises.

[¶ 17] We agree with the Supreme Court of Montana that whether a hotel is negligent in failing to provide a safety device in a shower is a question of fact. *Gunderson*, 456 P.2d 282. In *Gunderson*, Letha Gunderson rented a motel room at Rimrock Lodge. 456 P.2d at 283. While exiting the shower, Gunderson slipped and injured herself. *Id.* Gunderson alleged the motel failed to maintain a reasonably safe premises by failing to provide her with a handrail in the shower. *Id.* The motel argued the conditions in the bathroom were known and obvious barring recovery. *Id.* at 284. However, the court said the motel was not relieved of liability:

[T]he tenant had a contractual right to use the bathroom by virtue of her rental from the motel owner. The tenant paid the motel owner for use of the bathroom and it was the motel owner's duty to use ordinary care to keep the bathroom in a reasonably safe condition for the tenant's use. The tenant was not required

to forego its use simply because the motel owner arguably failed to use ordinary care to maintain it in a safe condition.

*Id.* at 285–86.

[¶ 18] Here, the Radisson Hotel acknowledges that it is a matter of common knowledge that shower and bathtub surfaces are slippery when wet. Whether the Radisson Hotel reasonably anticipated that Wotzka would encounter the danger and suffer physical harm is a question of fact. *See Johanson,* 216 N.W.2d at 277–78.

[¶ 19] A fact need not be in dispute to avoid summary judgment. *See Botner,* 2010 ND 95, ¶ 8, 782 N.W.2d 662. " [I]f differing inferences can be drawn from the undisputed evidence, there is a jury question and summary judgment is improper where questions of negligence are in issue.' " *Id.* (quoting *Barsness,* 383 N.W.2d at 844).

[¶ 20] The record indicates that Wotzka slipped and fell while showering in the Radisson Hotel's shower. In his deposition, Wotzka testified that the combination of the soap and water created a slippery surface in the shower. He also testified that the Radisson Hotel did not furnish the bathtub with bathmats, non-skid strips, or handrails at the shower level. These facts are undisputed. At oral argument, the Radisson Hotel conceded that a bathtub can be slippery and dangerous. The hotel also conceded that a person must encounter this dangerous condition if he wanted to shower and that he could be seriously injured if he fell out of the bathtub. Lastly, the Radisson Hotel admitted that under North Dakota law a landowner has a duty to maintain a reasonably safe premise.

[¶ 21] Wotzka does not contest that the condition in the shower was an open and obvious danger, he argues the Radisson Hotel should have anticipated the harm

and failed to maintain its premises in a reasonably safe manner. When viewing all evidence in the light most favorable to Wotzka, and making all reasonable inferences in his favor, we conclude reasoning minds could reach differing conclusions as to whether the Radisson Hotel anticipated the harm and failed to maintain the premises in a reasonably safe manner. Therefore, we conclude the trial court erred in granting summary judgment.

## IV

[¶ 22] The trial court concluded, as a matter of law, the Radisson Hotel did not owe Wotzka a duty to warn of the obvious danger in the shower.

[¶ 23] The open and obvious nature of a danger may obviate the need to warn of danger. *See Collette v. Clausen,* 2003 ND 129, ¶ 27, 667 N.W.2d 617. A duty to warn does not exist when the risk is commonly known, already understood and appreciated, or obvious. *Id.* at ¶ 26 (citing 57A Am.Jur.2d *Negligence* § 388 (1989)).

[¶ 24] Here, Wotzka does not contest that the shower is an open and obvious danger. Therefore, we conclude the trial court did not err in concluding the Radisson Hotel had no duty to warn Wotzka of the obvious danger created by the wet shower.

## V

[¶ 25] We reverse the trial court's summary judgment in favor of the Radisson Hotel and remand for proceedings consistent with this opinion.

[¶ 26] GERALD W. VANDE WALLE, C.J., and CAROL RONNING KAPSNER, JJ., concur.

CROTHERS, Justice, concurring in part and dissenting in part.

[¶ 27] I concur in Part IV of the majority opinion affirming dismissal of the duty to warn claim. Dismissal is warranted based on Wotzka's concession that a wet and soapy shower was an open and obvious danger. Majority opinion at ¶ 24. Based on this condition, the majority concludes as a matter of law that the hotel had no duty to warn that a wet and soapy shower was slippery. I agree. I respectfully dissent from the remainder of the decision, and instead I would join the jurisdictions holding a hotel has no duty to provide a bathmat, non-skid strips or handrail in the face of known dangers from wet and soapy showers.

[¶ 28] The majority states, "[O]ther jurisdictions are divided on whether a hotel may be liable for failure to provide safety precautions such as a bathmat, non-skid strips, or a handrail." Majority opinion at ¶ 10. Unstated is that the majority of the "other jurisdictions" do not impose liability. See *Dille v. Renaissance Hotel Mgmt. Co., LLC,* No. 4:10CV1983 TIA, 2012 WL 2396666, at *3 (E.D.Mo. June 25, 2012) (holding "because the potential danger created when a bathtub becomes wet is not hidden or difficult to ascertain, there is no duty, as a matter of law, to provide precautions against such conditions"); *Howard v. Omni Hotels Mgmt. Corp.,* 203 Cal. App.4th 403, 136 Cal.Rptr.3d 739, 761 (2012) (holding "The defendant is not liable [for injuries from bathtub slip and fall] where he neither knows or should know of the unreasonable risk" and "the guest cannot reasonably expect that the owner will correct defects of which the owner is unaware and that cannot be discerned by a reasonable inspection." (quotation omitted)); *Hale v. SS Liquors, Inc.,* 956 N.E.2d 1189, 1194–95 (Ind.Ct.App.2011) (holding "mere fact of a fall is insufficient to establish liability of a landowner for a customer's injuries" and "[t]here is no evidence whatsoever that the bathtub as it existed at the time of Hale's fall was unreasonably unsafe, as compared to bathtubs generally"); *Jones v. Abner,* 335 S.W.3d 471, 476 (Ky.Ct.App.2011) (holding motel had no duty to equip bathtub with safety strips or hand-holds because "risks inherent in bathing or showering [were] open, apparent, and obvious to anyone who [had] ever taken a bath or shower"); *Brown v. Dover Downs, Inc.,* No. 10C–06–180 RRC, 2011 WL 3907536, at *6, *7 n. 71 (Del.Super. Aug. 30, 2011) (recognizing "the overwhelming majority of courts that have considered this issue have held that innkeepers do not owe their guests a duty to install bathmats" and holding "the surface of a bathtub, even when wet, is not unreasonably dangerous"); *Portanova v. Trump Taj Mahal Assocs.,* 270 A.D.2d 757, 759, 704 N.Y.S.2d 380 (2000) (holding hotel guest injured in fall by stepping out of shower could not recover for injuries absent showing of defect in bathroom floor or floor mat); *Kutz v. Koury Corp.,* 93 N.C.App. 300, 377 S.E.2d 811, 813 (1989) (holding it was common knowledge that a shower, when wet and soapy, is dangerous and hotel is under no duty to warn of an open and obvious danger); *Churchwell v. Red Roof Inns, Inc.,* No. 97APE08–1125, 1998 WL 134329, at *3 (Ohio App. 10 Dist. March 24, 1998) (holding no common law duty was breached by motel's failure to provide skid-strips, hand-holds or grab bars); *Brault v. Dunfey Hotel Corp.,* No. 87–6899, 1988 WL 96814, at *9 (E.D.Pa. Sept. 13, 1988) (holding "[t]he majority of courts charge guests with reasonable use of their senses to keep a lookout for open and obvious conditions in bathrooms" including the fact "that water is slippery on tub or shower surfaces"); *LaBart v. Hotel Vendome Corp.,* 213 F.Supp. 958, 959 (D.Mass.1963) (holding hotel was under no

duty to warn of the open and obvious danger of wet and soapy bathtub that was not equipped with a bathmat).

[¶ 29]  I would affirm the district court and join this majority of jurisdictions, recognizing that a hotel has no duty to provide safety devices absent knowledge of dangerous conditions beyond the open, apparent and obvious hazzards of slipperiness in a wet and soapy shower. *See* 2 Norman J. Landau & Edward C. Martin, *Premises Liability Law and Practice* § 8A.03 (perm.ed., rev.vol.2010) ("A crucial factor in establishing liability for a slip and fall injury is showing that the defendant had notice of the hazardous condition. Without such notice no liability will attach.").  To hold otherwise erases the legal principle that "[t]he mere fact an injury has occurred is not evidence of negligence on the part of anyone; rather, negligence must be affirmatively established." *Larson v. Kubisiak,* 1997 ND 22, ¶ 7, 558 N.W.2d 852.

[¶ 30]  DALE V. SANDSTROM, J., concurs.