2004 ND 94

**Karen JASTE, as Conservator and Guardian of Delima Jaste, Plaintiff and Appellant**

v.

**James W. GAILFUS and Jim Gailfus Insurance Agency d/b/a Jim's Insurance, Defendants and Appellees.**

No. 20030261.

Supreme Court of North Dakota.

May 5, 2004.

Thomas A. Dickson (on brief), Timothy Q. Purdon (argued), and Justin D. Roness (appeared), Dickson & Purdon, Bismarck, N.D., for plaintiff and appellant.

Daniel M. Traynor, Traynor, Rutten & Traynor, P.C., Devils Lake, N.D., for defendants and appellees.

SANDSTROM, Justice.

[¶ 1] Karen Jaste, as conservator and guardian of Delima Jaste, appeals a Northeast Judicial District Court judgment dismissing her negligence action against James Gailfus and the Jim Gailfus Insurance Agency, doing business as Jim's Insurance. The district court dismissed the case after granting Gailfus's motion for summary judgment, finding no reasonable jury could find Gailfus had breached a duty to Delima Jaste. The district court based its decision on the "open and obvious danger" doctrine. Karen Jaste argues the district court erred in granting summary judgment on a ground that Gailfus did not raise in his summary judgment motion. She also argues the district court erred in finding that an open and obvious danger existed as a matter of law. Finally, Karen Jaste argues that Gailfus's initial grounds for summary judgment should be denied. We conclude the district court erred in granting summary judgment without notice on a ground not raised by either party, and we therefore reverse and remand for further proceedings.

I

[¶ 2] Certain facts are undisputed for the purpose of summary judgment. James Gailfus owns the Jim Gailfus Insurance Agency and the Gailfus Office Building in Rolla, North Dakota. The Jim Gailfus Insurance Agency is located in the Gailfus Office Building. On April 9, 2001, Delima Jaste went with her daughter, Karen Jaste, to pay Delima Jaste's insurance premium at the Gailfus Office Building. When Delima Jaste attempted to exit the building, she lost her balance on a cement step located on the sidewalk in front of the entrance and fell onto the sidewalk. There was no ice or snow accumulation on the step.

[¶ 3] The front entrance of the Gailfus Office Building consists of a door threshold and a single step. The property line ends at the face of the building, and the step down is located on a city right of way

owned by the City of Rolla. There are no warnings, striping, or markings at the entryway to the office building. The entrance also has no handrails or ramps. Gailfus maintains the front entryway of the office building. The condition of the step has not changed since Gailfus bought the building twenty years ago. Gailfus is not aware that anyone has fallen before at the building entrance.

[¶4] In April 2002, Karen Jaste sued Gailfus, alleging the entrance of the building was negligently designed and maintained. Gailfus moved for summary judgment on two grounds, arguing that he did not owe a duty to third persons to repair or make improvements to a public sidewalk on land adjoining his property and that the negligent acts alleged by Jaste were committed by the municipality and thus could be remedied only by the municipality and not by an adjoining landowner.

[¶5] In response, Karen Jaste argued Gailfus has a duty to provide business invitees with a reasonably safe means of ingress and egress, regardless of the exact boundaries of the premises. She argued that a fact issue exists regarding whether Gailfus breached that duty to Delima Jaste. She also argued that if special use is made out of a municipality-owned sidewalk, or if control is exercised over the sidewalk, then there is a duty to exercise reasonable care to guard the public from injury resulting from the use. She argued that whether Gailfus has made special use of or exercised control over the sidewalk is also a factual issue for the jury to decide. In his response, Gailfus again argued he did not owe a duty, even to business invitees, to keep the sidewalk in a safe condition. He also argued that no special use was made of the sidewalk.

[¶6] A hearing on the summary judgment motion was held on April 28, 2003. On May 30, 2003, the district court issued its memorandum opinion granting Gailfus's motion. The district court held that a jury could not reasonably find Gailfus had breached a duty to Delima Jaste. The district court based its decision on the "open and obvious danger" doctrine. The "open and obvious danger" doctrine limits the duty of landowners when the dangerous condition is known or obvious to the entrant. *See Groleau v. Bjornson Oil Co., Inc.*, 2004 ND 55, ¶17, 676 N.W.2d 763. The district court held that a reasonable person should have been able to view and negotiate the step without difficulty. It also held there was nothing about the character, location, or surrounding conditions that would require the owner of the land to do more. It held that no facts had been presented to show the steps posed an unreasonable risk of harm.

[¶7] On June 4, 2003, Karen Jaste moved for reconsideration so she could address the "open and obvious danger" issue. Neither party had raised the "open and obvious danger" doctrine in the summary judgment briefs or oral argument. Karen Jaste filed a supplemental brief and attached an affidavit from her expert witness, Terry Grisim. The district court treated the motion as an application for relief from judgment under Rule 60(b) of the North Dakota Rules of Civil Procedure.

[¶8] A hearing on the motion for reconsideration was held on July 3, 2003. On August 20, 2003, the district court denied the relief requested. The district court did not consider Terry Grisim's affidavit or Jaste's supplemental brief, because they were untimely. The court held, "in the case at hand the affidavit of Mr. Terry Grisim is untimely and the Court does not need to consider it." The district court also held that Karen Jaste's choice not to include her legal position relative to the "open and obvious danger" doctrine in

her response to the motion for summary judgment did not justify relief from judgment under her Rule 60(b) motion. The judgment for dismissal was entered on August 27, 2003.

[¶ 9] The trial court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. §§ 28–27–01 and 28–27–02.

## II

[¶ 10] Karen Jaste argues the district court erred in granting summary judgment on a ground other than those raised in the summary judgment motion. She argues she was not provided with any notice or opportunity to address the doctrine of open and obvious danger.

Summary judgment is a procedural device for promptly and expeditiously disposing of an action without a trial if either party is entitled to judgment as a matter of law and if no dispute exists as to either the material facts or the reasonable inferences to be drawn from undisputed facts, or if resolving the factual disputes will not alter the result. *Fish v. Dockter*, 2003 ND 185, ¶ 7, 671 N.W.2d 819. Summary judgment is appropriate when a party fails to establish the existence of a factual dispute on an essential element of his claim on which he will bear the burden of proof at trial. *Id.*

[¶ 11] Rule 56(c), N.D.R.Civ.P., provides: "Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." In determining whether summary judgment is appropriate, the court is not con-

fined to the particular propositions of law advanced by the parties on a motion for summary judgment. 10A Charles A. Wright et al., *Federal Practice and Procedure* § 2725 (3d ed.1998).

[¶ 12] Courts should be cautious, however, when granting summary judgment on propositions of law that were not advanced by the parties. 10A Charles A. Wright et al., *Federal Practice and Procedure* § 2725 (3d ed.1998). There is a greater possibility for error when the party opposing the summary judgment motion may be able to show that a genuine issue exists but has not done so because the facts relating to the particular legal principles were not in issue. *Id.* A court should notify the parties when it intends to rely on a legal doctrine or precedents other than those briefed and argued by the litigants. *Id.; see also* James Wm. Moore, *Moore's Federal Rules Pamphlet* § 56.4[2] (2004) (a court must give the party against whom the court is considering granting the judgment an opportunity to respond when the judgment is considered on a sua sponte basis) (citing *Walker v. Missouri Department of Corrections*, 138 F.3d 740, 742 (8th Cir.1998) (the district court's grant of summary judgment on a ground not raised in the summary judgment motion was reversed because the plaintiff was not given notice and opportunity to contest the issues)). In this case, Jaste was not notified that the district court intended to rely on the "open and obvious danger" doctrine.

[¶ 13] The failure of the court to provide notice can be excused if the error was harmless under the circumstances. James Wm. Moore, *Moore's Federal Rules Pamphlet* § 56.4[2] (2004). Parties are not harmed if they were not surprised by the court's consideration of summary judgment on the court's raised grounds and could not have presented ad-

ditional evidence had they been given notice and opportunity. *Id.* (citing *Bridgeway Corp. v. Citibank,* 201 F.3d 134, 140 (2d Cir.2000)). If a party had no additional evidence to bring, it cannot argue it was prejudiced by a lack of notice and opportunity to address the issue. *See generally id.*

[¶ 14] In this case, Karen Jaste moved for reconsideration and requested an opportunity to address the "open and obvious danger" doctrine. Along with her motion, Karen Jaste provided an affidavit from her expert, Terry Grisim. The court stated, "in the case at hand the affidavit of Mr. Terry Grisim is untimely and the Court does not need to consider it." Without considering the affidavit, the district court denied the motion for reconsideration.

[¶ 15] When granting summary judgment on the "open and obvious danger" doctrine, the district court stated, "there is no evidence presented by the plaintiff to support the allegations that the absence of the handrails and warnings, and the design of the step posed an unreasonable risk of harm." The district court held Karen Jaste had not presented sufficient factual issues for a jury to conclude that the step posed an unreasonable risk of harm. In the affidavit provided, Karen Jaste's expert stated: 1) the kind of step entrance found outside of the Gailfus Office Building, a single-step entrance, is recognized in safety literature as being extremely hazardous; 2) the safer and preferred alternative is a ramp; and 3) the building entrance would be safer if warning signs and handrails were installed and if the edges were marked with stair tread having a single inlaid or painted stripe that contrasts with the remainder of the tread in color and texture. Gailfus argues the information contained in the affidavit from Karen Jaste's expert merely restates the same allegations made by Karen Jaste

throughout the action. The expert affidavit she provided, however, contains evidence regarding her allegations that the type of step at issue in this case posed an unreasonable risk of harm.

[¶ 16] We conclude Karen Jaste was harmed in this case by the district court's failure to give her notice and opportunity to address the "open and obvious danger" doctrine. Karen Jaste, by providing the district court with an affidavit from her expert, has shown that she could have presented additional evidence had she been given notice and opportunity. Under these circumstances, it was unfair for the district court to grant summary judgment on a ground that was not asserted by the parties. We conclude the district court improperly granted summary judgment.

### III

[¶ 17] Both parties ask this Court to decide the merits of the grounds initially stated in the summary judgment motion. The parties argue that it would be proper for this Court to consider whether summary judgment should be granted on the initial grounds stated, because this issue will likely arise on remand. *Schlossman & Gunkelman, Inc. v. Tallman,* 1999 ND 89, ¶ 30, 593 N.W.2d 374. Although we can review issues likely to arise on remand, we believe it would be beneficial for the district court to address the issue first. We conclude the better practice under the circumstances is to remand for further proceedings. *See State Farm Fire & Casualty Co. v. S.S. & G.W.,* 858 S.W.2d 374, 380 (Tex.1993) (remand is required to rule on remaining summary judgment grounds when court has specified the ground on which it was granting summary judgment); *Bishop v. State Farm Mut. Auto Ins.,* 360 Md. 225, 757 A.2d 783, 787–88 (2000) (court will not speculate that summary judgment might

have been granted on other grounds; the proper procedure is to reverse and remand for further proceedings). We therefore decline the request to address the merits of the initial grounds for summary judgment.

## IV

[¶ 18] Jaste also argues the district court erred in finding an open and obvious danger exists. Because we conclude the grant of summary judgment on the basis of the "open and obvious danger" doctrine was improper and remand for a determination of the merits of the initial summary judgment grounds, this issue is not certain to arise on remand. We need not address issues not certain to arise on remand. *Trinity Health v. North Central Emergency Services, P.C.*, 2003 ND 86, ¶ 19, 662 N.W.2d 280. If this issue should arise on remand, however, we direct the district court to consider the doctrine in light of this Court's recent decision in *Groleau v. Bjornson Oil Co., Inc.*, 2004 ND 55, 676 N.W.2d 763.

## V

[¶ 19] We reverse the district court judgment and remand to the district court for further proceedings.

[¶ 20] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.