[¶ 24] Carol Ronning Kapsner

Daniel J. Crothers

2012 ND 184

**Carol FORSMAN, Plaintiff and Appellant**

v.

**BLUES, BREWS AND BAR–B–QUES, INC., dba Muddy Rivers, and Amanda Espinoza, Defendants**

**Blues, Brews and Bar–B–Ques, Inc., dba Muddy Rivers, Appellee.**

**No. 20110356.**

Supreme Court of North Dakota.

Aug. 30, 2012.

Rehearing Denied Sept. 25, 2012.

Laura L. Reynolds, Fargo, N.D., for plaintiff and appellant.

Marianne Knudson (argued) and Richard A. Clapp (on brief), Grand Forks, N.D., for appellee.

CROTHERS, Justice.

[¶ 1] Carol Forsman appeals from a judgment dismissing as a matter of law under N.D.R.Civ.P. 50(a) her dram shop and negligence action against Blues, Brews and Bar–B–Ques, Inc., doing business as Muddy Rivers, and Amanda Espinoza. Forsman argues the district court erred in granting Muddy Rivers' motion for judgment as a matter of law, claiming she introduced sufficient evidence to establish Muddy Rivers knowingly provided alcoholic beverages to an obviously intoxicated person, Espinoza, and Espinoza caused Forsman's injuries. Forsman also claims the court erred in sustaining Muddy Rivers' hearsay objections to several police reports and she was denied the opportunity to call a rebuttal witness to challenge inconsistent statements by witnesses associated with Muddy Rivers. We conclude the court erred in granting judgment as a matter of law on Forsman's dram shop claim, and we reverse and remand for further proceedings.

I

[¶ 2] Forsman sued Muddy Rivers and Espinoza jointly and severally, alleging Forsman was invited to a private party at

Muddy Rivers, a Grand Forks bar, on February 15, 2010; Muddy Rivers knowingly provided alcoholic beverages to an obviously intoxicated guest at the party, Espinoza; Espinoza assaulted, physically attacked or pushed Forsman to the ground while Forsman was caring for an intoxicated individual at the party; and Forsman suffered serious injuries to her leg as a result of Espinoza's actions. Forsman alleged that before she was injured, Eric Solberg, a bar manager at Muddy Rivers, attempted to "eject ... Espinoza out of the bar" because she was highly intoxicated and causing problems with other guests. Forsman also alleged Muddy Rivers was responsible for her injuries under N.D.C.C. § 9–10–06, which requires a person to exercise ordinary care or skill in the management of the person's property.

[¶ 3] Muddy Rivers answered and denied liability, but Espinoza did not answer the complaint or otherwise appear. Muddy Rivers filed a pre-trial motion to prevent the introduction into evidence of all hearsay statements in police reports prepared after police officers investigated the incident. The district court ruled Forsman could not use any hearsay statements in the reports in her case-in-chief, but could use those statements for impeachment.

[¶ 4] At trial, Forsman called several witnesses who were present at the party. Forsman presented evidence that Muddy Rivers provided an open bar for its off-duty employees and guests, including a "shot-drinking" contest that was primarily participated in by off-duty employees. Solberg, the bar manager, testified he was at the party and participated in the contest. Solberg also testified Muddy Rivers used three bartenders at the party, including a regular customer and his son, but Solberg did not supervise the bartenders.

[¶ 5] Forsman testified she was helping Richard Martin, a Muddy Rivers' employee attending the party, care for an intoxicated person, Rose Christianson, when Espinoza's actions resulted in Forsman being pushed to the ground. Christianson was a Muddy Rivers' employee and had invited Espinoza to the party. Forsman testified she was "one hundred percent sure" Espinoza pushed her off her chair to the ground, resulting in a leg fracture. According to Forsman, she was not able to get up and two Muddy Rivers' employees thereafter grabbed Espinoza. Martin testified he heard a "voice say something to the effect of 'What are you doing to my friend?' " and heard a commotion but did not see what happened. Martin testified he then heard Forsman ask for help and saw her on the floor. Forsman testified she saw Espinoza earlier at the party when there was some "commotion" and Solberg asked Espinoza to leave the party, but she did not leave. Forsman also testified she saw Espinoza drinking beer at Muddy Rivers earlier that night and "notice[d] ... signs that would suggest that [Espinoza] was obviously intoxicated." Forsman testified she filed a complaint against Espinoza with the Grand Forks Police Department and two police officers, Detective Travis Benson and Officer Holweger, investigated the incident. However, the Grand Forks County State's Attorney's Office declined to pursue aggravated assault charges against Espinoza.

[¶ 6] After Forsman rested her case, Muddy Rivers moved for judgment as a matter of law under N.D.R.Civ.P. 50, arguing Forsman failed to present any evidence showing Muddy Rivers knowingly provided alcoholic beverages to an obviously intoxicated Espinoza. Muddy Rivers claimed that although it did not represent Espinoza, no evidence established Espinoza injured Forsman and it was appropriate to also dismiss Forsman's claim against

Espinoza. The district court granted Muddy Rivers' motion for judgment as a matter of law, ruling Forsman failed to present any evidence that Muddy Rivers served alcoholic beverages to Espinoza while she was obviously intoxicated. The court also ruled Forsman's negligence claim for unsafe premises was a dram shop claim and, even if that claim was for negligence, no testimony established the appropriate standard of care for the negligence claim, or a breach of that standard of care. The court granted judgment as a matter of law dismissing Forsman's claims against both Muddy Rivers and Espinoza.

## II

[¶ 7] Forsman argues the district court erred in granting Muddy Rivers' motion for judgment as a matter of law, claiming she introduced sufficient evidence to establish Muddy Rivers knowingly provided alcoholic beverages to an obviously intoxicated Espinoza and Espinoza caused Forsman's injuries. Forsman also argues sufficient evidence existed to establish Muddy Rivers negligently provided an unsafe environment for its guests under N.D.C.C. § 9–10–06, resulting in Forsman's injuries.

[¶ 8] A district court's decision on a motion under N.D.R.Civ.P. 50 to grant or deny judgment as a matter of law is based upon "whether the evidence, when viewed in the light most favorable to the party against whom the motion is made, leads to but one conclusion as to the verdict about which there can be no reasonable difference of opinion." *In re Estate of Stave*, 2007 ND 53, ¶ 11, 729 N.W.2d 706 (quoting *Dahl v. Messmer*, 2006 ND 166, ¶ 14, 719 N.W.2d 341). "In determining if the evidence is sufficient to create an issue of fact, the trial court must view the evidence in the light most favorable to the non-moving party, and must accept the truth of the evidence presented by the non-moving party and the truth of all reasonable inferences from that evidence." *Symington v. Mayo*, 1999 ND 48, ¶ 4, 590 N.W.2d 450. "On appeal, [a] district court's decision on a motion for judgment as a matter of law is fully reviewable." *In re Estate of Stave*, at ¶ 11.

## A

[¶ 9] "Section 5–01–06.1, N.D.C.C., authorizes 'person[s] who [are] injured by any obviously intoxicated person' to bring a dram shop action against 'any person who knowingly disposes, sells, barters, or gives away alcoholic beverages to . . . [the] obviously intoxicated person.'" *Stewart v. Ryan*, 520 N.W.2d 39, 43 (N.D. 1994) (quoting *Born v. Mayers*, 514 N.W.2d 687, 689 (N.D.1994)). "At common law, there was no tort liability for selling or giving liquor to an able-bodied person, because drinking the liquor, not the furnishing of it, was the proximate cause of any subsequent injury." *Stewart*, at 45. "[D]ram shop laws are sui generis" and "creat[ ] an entirely new cause of action in which liability was imposed upon a finding of a violation of the statute and not upon a finding of fault in the sense of wrongful intent or negligent conduct." *Id.* at 45–46. Under our comparative fault law in N.D.C.C. ch. 32–03.2, "negligence remains a separate theory from dram shop liability" with different elements of proof. *Stewart*, at 46. We have construed the causation element for dram shop liability to require a dram shop violation to contribute to the obviously intoxicated person's intoxication and to require the plaintiff's injuries to have been inflicted by the obviously intoxicated person. *Id.* at 47. "For dram shop actions, 'knowingly' means acting voluntarily and not because of mistake or inadvertence." *Id.* at 49. "Generally, whether a person act[s] knowingly is a question of fact." *Id.* "Obvious intoxi-

cation is also generally a question of fact and requires that the person's intoxication be reasonably discernible or evident to a person of ordinary experience." *Id.*

▮ [¶ 10] We conclude sufficient evidence existed to preclude granting the motion for judgment as a matter of law under N.D.R.Civ.P. 50(a). Forsman testified she was "one hundred percent sure" she was pushed to the ground by Espinoza. Forsman testified she observed a "commotion" at the party earlier in the night, after which Solberg told Espinoza to leave the party, but she did not leave. Forsman also testified she saw Espinoza drinking beer at Muddy Rivers earlier that night and "notice[d] . . . signs that would suggest that [Espinoza] was obviously intoxicated."

[¶ 11] Viewing the evidence in the light most favorable to Forsman and accepting the truth of all reasonable inferences from that evidence, Forsman's testimony provides sufficient evidence to raise a disputed factual issue about whether Muddy Rivers knowingly provided alcoholic beverages to an obviously intoxicated Espinoza and whether Espinoza caused Forsman's injuries. We therefore conclude the district court erred in granting Muddy Rivers' motion for judgment as a matter of law. We reverse the judgment and remand for further proceedings.

**B**

[¶ 12] Forsman also argues the district court erred in granting judgment as a matter of law on her premises liability claim under N.D.C.C. § 9–10–06, which requires a person to exercise ordinary care or skill in the management of the person's property.

▮ [¶ 13] Under our comparative fault law in N.D.C.C. ch. 32–03.2, "negligence remains a separate theory from dram shop liability" with different elements of proof. *Stewart*, 520 N.W.2d at 46. "An actionable negligence consists of a duty on the part of an allegedly negligent party to protect the plaintiff from injury, a failure to discharge that duty, and a resulting injury proximately caused by the breach of the duty." *Saltsman v. Sharp*, 2011 ND 172, ¶ 7, 803 N.W.2d 553 (quoting *Botner v. Bismarck Parks & Recreation Dist.*, 2010 ND 95, ¶ 10, 782 N.W.2d 662). "Generally, the existence of a duty is a preliminary question of law for the court to decide." *Saltsman*, at ¶ 11 (quoting *Botner*, at ¶ 10). Under N.D.C.C. § 9–10–01, "[e]very person is bound without contract to abstain from injuring the person or property of another or infringing upon any of that person's rights." "A person is responsible . . . for an injury occasioned to another by the person's want of ordinary care or skill in the management of the person's property or self." N.D.C.C. § 9–10–06. "Under premises liability law, landowners owe a general duty to lawful entrants to maintain their property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to another, the seriousness of the injury, and the burden of avoiding the risk." *Saltsman*, at ¶ 11 (quoting *Botner*, at ¶ 9). "If a landowner permits dangerous conditions to exist on the premises the landowner must take reasonable measures to prevent injury to those whose presence on the property reasonably can be foreseen." *Saltsman*, at ¶ 11 (quoting *Fast v. State*, 2004 ND 111, ¶ 8, 680 N.W.2d 265). "The owner of any property must use it with an ordinary degree of care so as not to damage others, exercising caution and reasonable care under the circumstances." *Saltsman*, at ¶ 11 (quoting *Doan v. City of Bismarck*, 2001 ND 152, ¶ 25, 632 N.W.2d 815).

[¶ 14] Those principles establish a duty of care for premises liability, and on the record in this case, we decline to hold as a matter of law that Forsman failed to establish a breach of that duty by Muddy Rivers. On remand, Forsman may pursue her negligence claim for premises liability.

## III

[¶ 15] Forsman argues the district court erred in sustaining Muddy Rivers' hearsay objections to statements in several police reports. Forsman's argument involves her attempts to use the contents of police reports to refresh some witnesses' recollection and to impeach witnesses. In response to Muddy Rivers' pretrial motion to prevent the introduction into evidence of all hearsay statements in police reports, the court ruled Forsman could not use any hearsay statements in the reports in her case-in-chief, but could use those statements for impeachment.

[¶ 16] This record is unclear regarding the exact statements Forsman sought to use and her purposes for using the statements. We recognize some of the oral or written assertions documented in the police reports may not be hearsay under N.D.R.Ev. 801(d)(1) and (2). We also note the district court informed Forsman that use of impeaching statements had "to be done the right way under the rules." *See* N.D.R.Ev. 613 (outlining use of prior written or oral statements by witness). However, this record does not permit meaningful appellate review of these issues, and they are not certain to arise in the same procedural posture on remand. *See Jaste v. Gailfus*, 2004 ND 94, ¶ 18, 679 N.W.2d 257 (declining to address issue not certain to arise on remand). Any further comment on Forsman's claims in this context would be advisory, and we decline to further address those evidentiary issues.

## IV

[¶ 17] Forsman argues she was denied the opportunity to call a "rebuttal" witness to challenge inconsistent statements by witnesses associated with Muddy Rivers. During Forsman's case-in-chief, she sought to call Patti Evans as a "rebuttal" witness to testify Forsman was invited to the party by Shannon Perault, a Muddy Rivers' employee. The court informed Forsman that Evans was not listed on Forsman's witness list and that the court would wait until rebuttal to address the issue. After Forsman rested and during argument on Muddy Rivers' motion for judgment as a matter of law, Forsman again sought to call Evans as a "rebuttal" witness to testify Muddy Rivers provided alcoholic beverages to Espinoza when she was obviously intoxicated. The court thereafter granted Muddy Rivers' motion for judgment as a matter of law. Because of the procedural posture in which this issue was raised in the district court, it is not certain to arise on remand. *See Jaste*, 2004 ND 94, ¶ 18, 679 N.W.2d 257. We therefore decline to address that issue.

## V

[¶ 18] Muddy Rivers argues Forsman's appeal is frivolous and Muddy Rivers should be awarded costs and attorney fees under N.D.R.App.P. 38. In view of our resolution of the issues raised in this appeal, we deny Muddy Rivers' request.

## VI

[¶ 19] We reverse the judgment and remand for further proceedings.

[¶ 20] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.