#26208-rev & rem-GAS

**2012 S.D. 71**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

| | |
|---|---|
| TERRY LEONHARDT and CINDY LEONHARDT, | Plaintiffs and Appellants, |
| v. | |
| DELBERT LEONHARDT, and | Defendant and Appellee, |
| MATTHEW OSWALD, | Intervenor and Appellee. |

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIFTH JUDICIAL CIRCUIT
BROWN COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JACK R. VON WALD
Judge
* * * *

| | |
|---|---|
| RICHARD L. RUSSMAN<br>CHRISTOPHER C. WHITE of<br>Richardson, Wyly, Wise,<br> Sauck & Hieb, LLP<br>Aberdeen, South Dakota | Attorneys for plaintiffs<br>and appellants. |
| TIMOTHY J. VANDER HEIDE of<br>Barker Wilson Law Firm, LLP<br>Belle Fourche, South Dakota | Attorneys for defendant<br>and appellee. |
| JULIE DVORAK of<br>Siegel, Barnett & Schutz, LLP<br>Aberdeen, South Dakota | Attorneys for intervenor<br>and appellee. |

* * * *

CONSIDERED ON BRIEFS
ON AUGUST 27, 2012

OPINION FILED **10/17/12**

SEVERSON, Justice

[¶1.]    Terry and Cindy Leonhardt allege that they entered into an oral lease with Terry's father, Delbert Leonhardt, which was to extend for the lives of Delbert and his wife, Ellen Leonhardt.  They claimed the oral lease contained a right of first refusal that Terry could exercise after the death of both Delbert and Ellen.  Delbert later entered into a written lease with his grandson, Matthew Oswald.  This written lease encompassed some of the farmland Terry and Cindy allege was part of their oral lease with Delbert.  Terry and his wife, Cindy, initiated a declaratory judgment action against Delbert, seeking a declaration that the oral lease and right of first refusal were valid.  Terry and Cindy also sought specific performance of the oral lease and right of first refusal.  Matthew intervened in the lawsuit.  Delbert then filed for summary judgment on the ground that the oral lease and right of first refusal were invalid under SDCL 43-32-2, limiting leases for agricultural land to no more than twenty years.  Matthew joined the motion.  The circuit court granted the motion for summary judgment on the ground that the lease was invalid under the statue of frauds.  Terry and Cindy appeal.  We reverse and remand for further proceedings.

## BACKGROUND

[¶2.]    Delbert and Ellen Leonhardt owned approximately one thousand acres of farmland in South Dakota.  In 1988, Terry Leonhardt, who is Delbert and Ellen's son, agreed to assist his parents in farming the land.  Terry and his wife, Cindy, allege that they entered into a crop sharing arrangement with Delbert in 1989, under the terms of which Terry was responsible for half of the expenses associated

with the farming operation. In return, Terry received one-third of the profit from the crop each year.[1] Terry and Cindy maintain that this arrangement continued until 1992.

[¶3.]     In 1992, Terry and Cindy allege that they reached a new arrangement with Delbert. Under this new arrangement, Terry was responsible for all of the expenses associated with the farming operation. In exchange, Terry received two-thirds of the profit from the crop each year. Terry and Cindy also contend that Delbert agreed to grant them a right of first refusal in 1996 or 1997.[2] As consideration for the right of first refusal, they allege that Terry took out a life insurance policy on Delbert.

[¶4.]     In 2001, Terry and Cindy contend that the parties entered into an oral lease, which superseded the previous crop sharing arrangement. Under this new agreement, Terry and Cindy maintain that they leased Delbert's land "on a cash rent basis."

[¶5.]     Delbert and Ellen divorced in 2010. As part of the divorce, Delbert was awarded approximately half of the farmland. Later that year, Delbert entered into a written lease with his grandson, Matthew. This written lease was to

---

1.    Terry and Cindy repeatedly assert that, under the 1988 arrangement, Terry was to pay the expenses associated with the farming operation and, in return, Terry was to receive one-third of the profit earned from the crop each year. Thus, it is unclear how Cindy was a party to this arrangement.

2.    It is unclear from the record what the specific terms of the right of first refusal were, or how Terry and Cindy were to exercise this oral agreement after Delbert and Ellen died.

extend for three years and encompassed farmland that Terry and Cindy assert was part of their oral lease with Delbert.

[¶6.]    Terry and Cindy brought a declaratory judgment action against Delbert, seeking a judgment that the oral lease and right of first refusal were valid. Terry and Cindy also sought specific performance of the oral lease and right of first refusal. Matthew intervened as a defendant in the declaratory judgment action.

[¶7.]    Delbert moved for summary judgment. He argued that the oral lease was invalid under SDCL 43-32-2, which provides in relevant part: "No lease or grant of agricultural land for a longer period than twenty years, in which shall be reserved any rent or service of any kind, shall be valid." Matthew joined Delbert's motion for summary judgment.

[¶8.]    During the hearing on Delbert and Matthew's motion for summary judgment, the circuit court inquired as to the applicability of the statute of frauds. Terry and Cindy noted that Delbert and Matthew had not raised the statute of frauds as an issue in their summary judgment motion. Nonetheless, Terry and Cindy argued that the doctrines of promissory estoppel and partial performance precluded Delbert and Matthew from invoking the statute of frauds. The circuit court rejected this argument and granted summary judgment in favor of Delbert and Matthew on the ground that the oral lease was invalid under the statute of frauds. Terry and Cindy appeal.

## DISCUSSION

[¶9.]     In their brief accompanying the motion for summary judgment, Delbert and Matthew argued that summary judgment was warranted because Terry and Cindy's lease was void *ab initio* under SDCL 43-32-2. However, Delbert and Matthew did not argue that Terry and Cindy's lease was void under the statute of frauds. Nor did Delbert and Matthew advance this argument before the circuit court during the summary judgment hearing. The circuit court, nonetheless, inquired as to the applicability of the statute of frauds during the summary judgment hearing. Terry and Cindy argued that promissory estoppel and partial performance precluded the application of the statute of frauds. Specifically, Terry and Cindy argued that they had expended "millions of dollars worth of money and time [to both Delbert and the farm] based upon the oral agreement to lease [the land] for [Delbert's] lifetime and for the right of first refusal." The circuit court rejected Terry and Cindy's argument and ultimately relied upon the statute of frauds in granting summary judgment in favor of Delbert and Matthew.

[¶10.]     Terry and Cindy argue that the circuit court erred in failing to provide them with notice that it would consider granting summary judgment on a legal theory different from the legal theory advanced by Delbert and Matthew in their summary judgment pleadings and brief. Had the circuit court provided them with adequate notice and an opportunity to present relevant evidence, Terry and Cindy allege that they "could have provided the trial court with details" regarding the money and time they expended in reliance on the oral lease and right of first refusal.

[¶11.] In response, Delbert and Matthew note that the statute of frauds was raised as an affirmative defense in both Delbert and Matthew's answers to the amended complaint. In his motion for summary judgment, Delbert asserted, "The pleadings establish that there are no genuine issues as to any material facts relating to Plaintiffs' Amended Complaint and that this Defendant is entitled to summary judgment in his favor as a matter of law." Delbert and Matthew argue that this provided Terry and Cindy with adequate notice that the statute of frauds would be at issue during the summary judgment hearing.

[¶12.] SDCL 15-6-56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "In determining whether summary judgment is appropriate, [a] court is not confined to the particular propositions of law advanced by the parties on a motion for summary judgment." *Jaste v. Gailfus*, 679 N.W.2d 257, 261 (citing 10A Charles A. Wright et al., *Federal Practice and Procedure* § 2725 (3d ed. 1998)). However, "[t]here is a greater possibility for error when the party opposing the summary judgment motion may be able to show that a genuine issue exists but has not done so because the facts relating to the particular legal principles were not in issue." *Id.* (citation omitted). In light of this risk, it is generally recognized that "[a] court should notify the parties when it intends to rely on a legal doctrine or precedents other than those briefed and argued by the litigants." *Id.* (citation omitted); *see Heisler v. Metro. Council*, 339 F.3d 622, 631 (8th Cir. 2003) ("It is fundamentally

unfair to the nonmoving party to require her to address issues not addressed by the moving party in anticipation that the district court might rely on some unidentified issue to grant the motion."). Providing the parties with adequate notice of the issues ensures that the parties have a meaningful opportunity to develop the record and present all relevant evidence to the court.[3]

[¶13.] In Delbert's amended answer to Terry and Cindy's amended complaint, Delbert raised the statute of frauds as an affirmative defense. But he also raised several other affirmative defenses, including: (1) estoppel (2) failure of consideration; (3) waiver; (4) statute of limitations; (5) laches; (6) illegality; and (7) res judicata. Neither Delbert nor Matthew raised the issue of the statute of frauds in any of their summary judgment pleadings. Delbert and Matthew's motion requesting that the court grant summary judgment based on the pleadings, without specifically mentioning or arguing the statute of frauds, was insufficient to put Terry and Cindy on notice that the statute of frauds was an issue that the circuit

---

3. This Court has recognized the importance of providing a non-moving party with notice and an opportunity to present evidence and arguments in opposition to a motion for summary judgment in other contexts. For example, we have held that "[w]here the court elects to treat a motion to dismiss as a motion for summary judgment, it must notify the parties of its intent and give them an opportunity to present matters pertinent to summary judgment." *Herr v. Dakotah, Inc.*, 2000 S.D. 90, ¶ 18, 613 N.W.2d 549, 553 (citation omitted); s*ee* SDCL 15-6-12(b). In addition, "[s]ua sponte orders of summary judgment will be upheld only when the party against whom judgment will be entered was given sufficient notice and an adequate opportunity to demonstrate why summary judgment should not be granted." *Brown v. Hanson*, 2007 S.D. 134, ¶ 19, 743 N.W.2d 677, 682 (quoting *Myers v. Tursso Co., Inc.*, 496 F. Supp. 2d 986, 993 (N.D. Iowa 2007)) (internal quotation marks omitted).

court would consider during the summary judgment hearing. *See Heisler,* 339 F.3d at 631 ("We have repeatedly held that in the Eighth Circuit, a district court commits reversible error when it grants summary judgment on an issue not raised or discussed by the parties.").

[¶14.] In general, even if the parties did not receive adequate notice of the issue the court relied upon in granting summary judgment, the court's ruling may be affirmed if "the facts before the . . . court were fully developed so that the moving party suffered no procedural prejudice." *Bridgeway Corp. v. Citibank,* 201 F.3d 134, 139 (2d Cir. 2000) (internal quotation marks omitted). In other words, "[t]he failure of the court to provide notice can be excused if the error was harmless under the circumstances." *Jaste,* 679 N.W.2d at 261 (citation omitted). "Absent some indication that the moving party might otherwise bring forward evidence that would affect the court's summary judgment determination, failure to provide an opportunity to respond is not reversible error." *Coach Leatherware Co., Inc. v. Ann Taylor, Inc.,* 933 F.2d 162, 167 (2d Cir. 1991); *see Weiss v. Reebok Int'l, Ltd., Inc.*, 91 F. App'x 683, 689 (Fed. Cir. 2004) ("Summary judgment may be granted on legal grounds other than those advanced by the parties if the record is sufficiently developed.").

[¶15.] In this case, Terry and Cindy allege that if they had received notice that the statute of frauds was at issue, they would have had a meaningful opportunity to produce the following evidence to the circuit court:

> (1) Terry and Cindy made extensive permanent improvements to the leased land and structures upon the leased land; (2) Terry and Cindy purchased approximately $1.5 million dollars worth

of machinery and equipment so that they could continue to properly operate the leased land under the agreement and the right of first refusal; (3) Terry skipped college to stay home and help Delbert operate the farm; (4) Terry and Cindy spent thousands of dollars on fertilization zones on the leased land to ensure the success of future crop; and (5) Terry and Cindy took out a life insurance policy on Delbert and Ellen and paid approximately $3,000.00 in yearly premium payments in order to have the requisite funds available to exercise their right of first refusal when the last of Delbert and Ellen passed way.

[¶16.] Terry and Cindy have demonstrated that they may possess evidence they did not have a meaningful opportunity to present to the circuit court.[4] This evidence could be relevant to Terry and Cindy's defenses of promissory estoppel and partial performance. Because Terry and Cindy did not receive adequate notice and a meaningful opportunity to bring forward the above referenced evidence, we believe they suffered procedural prejudice.

## CONCLUSION

[¶17.] Terry and Cindy have shown that they were prejudiced by the circuit court's failure to provide them with notice that it would consider the statute of frauds during the summary judgment hearing. We reverse and remand for further proceedings.

[¶18.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and WILBUR, Justices, concur.

---

4. We do not hold that the above-referenced evidence is sufficient to preclude the application of the statute of frauds in this case. We merely conclude that the evidence may be relevant to Terry and Cindy's claims of promissory estoppel and partial performance.