2016 ND 193

**Samantha GILLESPIE and
Tina Taylor, Plaintiffs
and Appellants**

v.

**NATIONAL FARMERS UNION PROP-
ERTY & CASUALTY COMPANY,
Defendant and Appellee.**

No. 20160012.

Supreme Court of North Dakota.

Oct. 4, 2016.

Debra L. Hoffarth, Minot, N.D., for plaintiffs and appellants.

Sean F. Marrin (argued) and Bradley J. Beehler (on brief), Grand Forks, N.D., for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Samantha Gillespie and her mother, Tina Taylor, appealed from a summary judgment dismissing their lawsuit against Taylor's motor vehicle insurer, National Farmers Union, for underinsured motor vehicle coverage. We conclude Gillespie and Taylor failed to raise a genuine issue of material fact about whether Gillespie was legally entitled to collect for bodily injury from the owner or operator of an underinsured motor vehicle. We affirm.

I

[¶ 2] Gillespie and Taylor sued Farmers Union for underinsured motor vehicle coverage, alleging Gillespie was insured

under her mother's motor vehicle policy with Farmers Union and was driving a motor vehicle owned by another person when Gillespie lost control of the vehicle and it overturned, resulting in significant injuries to her. According to Gillespie and Taylor, the motor vehicle was owned by Angela Ayers, Gillespie's aunt, and insured by GEICO. Ayers died as a result of the accident and another passenger in the motor vehicle sustained significant injuries. Gillespie and Taylor asserted GEICO paid Gillespie $25,000 in no-fault benefits, but denied her request for liability coverage based on a claim that Ayers negligently entrusted the vehicle to Gillespie, an alleged inexperienced driver who received her learner's permit two days before the accident.

[¶ 3] Taylor's policy with Farmers Union had underinsured motor vehicle coverage in the amount of $100,000 per person and $300,000 per incident. Gillespie and Taylor claimed Gillespie has unpaid medical bills from the accident and her injuries and medical expenses exceed GEICO's no-fault benefits. According to Gillespie and Taylor, Ayers' GEICO policy provided liability coverage of $25,000 per person, and they alleged Ayers' vehicle lacked sufficient insurance to provide liability coverage for all parties injured in the accident. They alleged Farmers Union failed to pay Gillespie underinsured motor vehicle benefits required by Taylor's insurance contract with Farmers Union and by North Dakota law. Although Farmers Union's policy says disputes about whether an insured person is legally entitled to recover damages from the owner or operator of an underinsured motor vehicle may be determined by arbitration, the parties have not pursued arbitration in this case.

[¶ 4] The district court granted summary judgment dismissing the action against Farmers Union for underinsured motor vehicle coverage, ruling the limits of all applicable bodily injury liability policies had not been exhausted under N.D.C.C. § 26.1–40–15.6(6), which provides that underinsured coverage does not apply to an insured's injuries "[u]ntil the limits of all bodily injury liability policies and bonds that apply have been exhausted by payment of settlements or judgments, or such limits or the remaining part of them have been offered to the insured in writing." The court explained "exhausted" was ambiguous and followed the "weight of authority" strictly interpreting the word to essentially require complete and total payment of all liability benefits under policy limits before an underinsured motor vehicle claim may lie. The court granted Farmers Union summary judgment on the claim for underinsured motor vehicle coverage.

## II

[¶ 5] We review the issues raised in this appeal in the posture of summary judgment, which is a procedural device for promptly resolving an action on the merits without a trial if there are no disputed issues of material fact or inferences that reasonably can be drawn from the undisputed facts, or if the only issues to be resolved are questions of law. *Johnson v. Nodak Mut. Ins. Co.*, 2005 ND 112, ¶ 9, 699 N.W.2d 45. A party seeking summary judgment must show there are no disputed issues of material fact and the case is appropriate for judgment as a matter of law. *Collette v. Clausen*, 2003 ND 129, ¶ 6, 667 N.W.2d 617. On appeal, we view the evidence in the light most favorable to the party against whom summary judgment is granted and give that party the benefit of all favorable inferences. *Hurt v. Freeland*, 1999 ND 12, ¶ 7, 589 N.W.2d 551. However, a party resisting a motion for summary judgment cannot merely rely on the pleadings, briefs, or

unsupported and conclusory allegations. *Mr. G's Turtle Mountain Lodge, Inc. v. Roland Twp.*, 2002 ND 140, ¶ 22, 651 N.W.2d 625. Rather, we have explained:

> The resisting party must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record by setting out the page and line in depositions or other comparable documents containing testimony or evidence raising an issue of material fact.

> In summary judgment proceedings, neither the trial court nor the appellate court has any obligation, duty, or responsibility to search the record for evidence opposing the motion for summary judgment. The opposing party must also explain the connection between the factual assertions and the legal theories in the case, and cannot leave to the court the chore of divining what facts are relevant or why facts are relevant, let alone material, to the claim for relief.

*Id.* (quoting *Anderson v. Meyer Broad. Co.*, 2001 ND 125, ¶ 14, 630 N.W.2d 46).

[¶ 6] Summary judgment is appropriate when a party fails to establish the existence of a factual dispute on an essential element of that party's claim on which the party will bear the burden of proof at trial. *Mr. G's Turtle Mountain Lodge*, 2002 ND 140, ¶ 23, 651 N.W.2d 625. When no pertinent evidence on an essential element is presented to the district court in opposition to a motion for summary judgment, it is presumed no such evidence exists. *Id.* The nonmoving party cannot rely on speculation and must present enough evidence for a reasonable trier of fact to find for that party. *Iglehart v. Iglehart*, 2003 ND 154, ¶ 10, 670 N.W.2d 343. Issues of fact may become issues of law if reasonable persons could reach only one conclusion from the facts. *Saltsman v. Sharp*, 2011 ND 172, ¶ 5, 803 N.W.2d 553. Whether a district court properly granted summary judgment is a question of law that we review de novo on the entire record. *Johnson*, 2005 ND 112, ¶ 9, 699 N.W.2d 45.

### III

[¶ 7] Gillespie and Taylor argue the district court should have determined the liability coverage in GEICO's policy was exhausted and should have required Farmers Union to provide Gillespie with underinsured motor vehicle coverage. They argue Ayers' vehicle meets the definition of an underinsured motor vehicle and the severity and number of injured parties involved in the accident exhausted liability coverage for Ayers' vehicle and triggered Farmers Union's underinsured coverage. They claim Farmers Union is obligated to provide Gillespie with underinsured motor vehicle coverage because GEICO has unequivocally said it will not make any further payments to her. They argue GEICO's liability policy should be considered exhausted because recovery from GEICO was pursued until no further options existed.

[¶ 8] "Underinsured motorist insurance is a first party coverage arrangement that entitles an insured to compensation for injuries from the [insured's] insurer." *Wisness v. Nodak Mut. Ins. Co.*, 2011 ND 197, ¶ 9, 806 N.W.2d 146 (quoting 3 Alan I. Widiss & Jeffrey E. Thomas, *Uninsured & Underinsured Motorist Insurance* § 32.1 n. 1 (3d 2005)). The minimum requirements for underinsured motorist coverage are governed by N.D.C.C. §§ 26.1–40–15.1 to 26.1–40–15.7, but an insurer's policy may provide an insured with greater coverage under N.D.C.C. § 26.1–40–15.7(5). *Hilt-*

*ner v. Owners Ins. Co.*, 2016 ND 45, ¶ 5, 876 N.W.2d 460.

[¶ 9]  The relevant underinsured provisions in Taylor's policy with Farmers Union and the underinsured provisions in N.D.C.C. ch. 26.1–40 contain nearly identical language.  To trigger underinsured motorist coverage under N.D.C.C. ch. 26.1–40, a tortfeasor's motor vehicle must meet the definition of an underinsured motor vehicle in N.D.C.C. § 26.1–40–15.1(2).  *DeCoteau v. Nodak Mut. Ins. Co.*, 2000 ND 3, ¶ 16, 603 N.W.2d 906.  Under both Farmers Union's policy and N.D.C.C. ch. 26.1–40, an "underinsured motor vehicle" is a motor vehicle with bodily injury liability insurance in effect at the time of an accident, but the liability limit of that policy: (1) is less than the applicable limit for underinsured coverage under Farmers Union's policy; or (2) has been reduced by payments to other persons injured in the accident to an amount less than the limit for underinsured coverage under Farmers Union's policy.  *See* N.D.C.C. § 26.1–40–15.1(2).

[¶ 10]  Taylor's Farmers Union's policy provided underinsured motor vehicle coverage in the amount of $100,000 per person and $300,000 per accident.  Although Ayers' GEICO policy is not in this record, the parties agree the liability limit in that policy was $25,000 per person.  Ayers' motor vehicle is an underinsured motor vehicle under the language of Farmers Union's policy and N.D.C.C. § 26.1–40–15.1(2).

[¶ 11]  Under N.D.C.C. § 26.1–40–15.3(1), "[u]nderinsured motorist coverage must pay compensatory damages which an insured is legally entitled to collect for bodily injury . . . of such insured, from the owner or operator of an underinsured motor vehicle arising out of the ownership, maintenance, or use of such underinsured motor vehicle."  Farmers Union's policy requires it to pay damages for bodily injury which an insured is "legally entitled to recover from the owner or operator of an underinsured motor vehicle" and states its obligation applies only to payment for damages in excess of the total limit of all bodily injury policies applicable to persons "legally responsible" for the damages and available to cover the damages of the insured person.  Moreover, N.D.C.C. § 26.1–40–15.3(2)(a) provides the maximum liability for underinsured coverage is the lower of the amount of compensatory damages established but not recovered from the "person or organization legally liable" for the injuries, or the limits of liability of the underinsured coverage.  Farmers Union's policy requires the limits of all applicable bodily injury policies to have been exhausted by payment of settlements, judgments, or offers to the insured person in writing.  *See also* N.D.C.C. § 26.1–40–15.6(6) (stating underinsured coverage does not apply until the limits of all applicable bodily injury liability policies have been exhausted by payment of settlements or judgments, or such limits on the remaining part of them have been offered to the insured in writing).

[¶ 12]  A noted scholar on underinsured motorist coverage has recognized the language for "legally entitled to recover" provides that an insured's right to recover underinsured motor vehicle coverage from an insurer is unequivocally conditioned on the insured establishing the insured is legally entitled to recover and means an insured is only entitled to recover for injuries resulting from the tortious conduct of the owner or operator of an underinsured motor vehicle. 3 Widiss & Thomas, *Uninsured & Underinsured Motorist Insurance*, at § 34.1. *See Hiltner*, 2016 ND 45, ¶¶ 17–18, 876 N.W.2d 460 (discussing "legally entitled to collect" from "owner or operator" of underinsured motor vehicle). That treatise also recognizes it is virtually

undisputed the insured has the initial burden to establish liability. 3 Widiss & Thomas, at § 34.1. Those comments are consistent with the plain language of the underinsured provisions in N.D.C.C. ch. 26.1–40 and Farmers Union's policy, which contemplate that underinsured motor vehicle coverage may be payable only if it is established that Gillespie is legally entitled to collect from Ayers for bodily injury arising out of the ownership, maintenance, or use of Ayers' underinsured motor vehicle. *See Rask v. Nodak Mut. Ins. Co.*, 2001 ND 94, ¶ 13, 626 N.W.2d 693 (recognizing court will not look beyond plain language of insurance policy and statutory provisions if language is clear on its face).

[¶ 13] Gillespie's complaint against Farmers Union alleged she made a claim to GEICO under the liability coverage of its policy with Ayers for the negligent entrustment of the vehicle to Gillespie based on Gillespie's age, inexperience, and newly licensed status. Gillespie's complaint alleged she was denied liability coverage under the GEICO policy.

[¶ 14] We have recognized a cause of action for negligent entrustment under the Restatement (Second) of Torts § 390 (1965). *Collette*, 2003 ND 129, ¶ 13, 667 N.W.2d 617; *Barsness v. General Diesel & Equip. Co.*, 383 N.W.2d 840, 842 (N.D. 1986). Section 390 provides:

> One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

We have said a cause of action for negligent entrustment has been applied to cases involving motor vehicles as well as other chattels "which, if placed in the hands of an incompetent or inexperienced person, present a likelihood of unreasonable risk of harm to third persons." *Collette*, at ¶ 13 (quoting *Barsness*, at 842). In *Collette*, at ¶ 20, we affirmed a summary judgment dismissal of a negligent entrustment claim, holding the plaintiff failed to provide any evidence demonstrating the defendant knew, or had reason to know, the plaintiff would use a snowmobile in a manner involving unreasonable risk of physical harm.

[¶ 15] This record does not reflect that Gillespie has brought a tort action against either Ayers' heirs or GEICO, or otherwise made a claim for negligent entrustment in any other legal proceeding involving this accident. GEICO's denial of coverage does not resolve whether Ayers was legally liable for any of Gillespie's injuries, and Gillespie's conclusory, unsupported allegations in her complaint against Farmers Union are alone insufficient to raise a genuine issue of material fact that the limits of all applicable bodily injury liability policies have been exhausted by payment of settlements, judgments, or offers to the insured person in writing. We therefore conclude Gillespie failed to establish she was entitled to underinsured motor vehicle coverage from Farmers Union and the district court did not err in granting Farmers Union summary judgment.

IV

[¶ 16] We affirm the judgment.

[¶ 17] DALE V. SANDSTROM, DANIEL J. CROTHERS, LISA FAIR McEVERS, and CAROL RONNING KAPSNER, JJ., concur.